LIMRON *v.* BLAIR.

MASTER AND SERVANT—COMPENSATION FOR INJURIES—INDUSTRIAL
ACCIDENT BOARD.

> A workman who has lost a leg and sustained other in-
> juries resulting in total disability is entitled, under the
> workmen's compensation act (Act No. 12, Extra Session
> 1912, 2 How. Stat. [2d Ed.] § 3939 *et seq.*), to recover
> the compensation provided for total disability for a period
> of not over 500 weeks up to a maximum of $4,000: addi-
> tional compensation cannot be awarded for the loss of
> the leg.

Certiorari to the industrial accident board by
Frank M. Blair and others, receivers of the Pere Mar-
quette Railroad Company, to review an order award-
ing compensation to Philip Limron for personal in-
juries. Submitted April 24, 1914. (Docket No. 121.)
Reversed June 1, 1914.

*W. A. Collins,* for claimant.

*Parker, Shields & Brown* (*S. L. Merriam* and *J. C.
Bills,* of counsel), for defendants.

OSTRANDER, J. The precise ruling of the industrial
accident board, as expressed in its written finding, is:

> "The applicant is entitled to receive under the act
> one-half (½) his average weekly wages during the
> period of his total disability due to injuries other than
> the loss of the lower part of his right limb, and at the
> conclusion of such period of disability is entitled to
> payment of one-half (½) his wages for 125 weeks
> for the loss of the lower right limb by amputation
> as aforesaid, less six weeks' disability incident to such
> amputation, provided that such weekly payments shall
> not in any event extend over a greater period than 500
> weeks."

The board found that, from the date of the injury

to the time of making the award, the employee had been totally disabled, and that such disability would continue for an indefinite period; that the main cause of disability was an injured shoulder.

The act (Act No. 10, Pub. Acts Extra Session 1912, 2 How. Stat. [2d Ed.] § 3939 *et seq.*), provides that when, as the result of an industrial accident, the incapacity for work is total, the employer shall pay a weekly compensation equal to one-half the average weekly wages for a period not exceeding 500 weeks. This is the longest period of compensatory payments. A period of disability is in certain cases deemed to exist. For the loss of a foot, the period is 125 weeks. For the loss of any two members, as hands, arms, eyes, feet, legs, the period of total disability is deemed to be 500 weeks, unless the weekly payments amount to $4,000 in a shorter period. If one of the results of accident is the loss of a foot, the period of total disability is 125 weeks, although it may be in fact only 6 weeks. The period is not extended because, as a result of the accident, the employee was in fact totally disabled for a period of 125 weeks, or for any shorter period. If he is in fact disabled by the loss of a foot, or otherwise, for a greater period than 125 weeks, compensation continues until disability is removed, or the maximum of compensation is paid. The statute speaks in terms of disability. All of its provisions being considered, it does not mean that compensation must be paid during a period of actual disability and also, if a member is lost, during a period equal to the one during which total disability is deemed to continue. It does not provide a specific indemnity for the loss of a member in addition to compensation for disability. The aim of the statute is to afford compensation if the employee is disabled. When the period of disability ends, compensation ceases.

It follows that the order of the industrial accident board is erroneous and must be and is vacated and set aside.

MCALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.