(No. 10965.—Reversed and remanded.)

THE ILLINOIS MIDLAND COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed February 21, 1917—Rehearing denied April 4, 1917.*

1. WORKMEN'S COMPENSATION—*filing a stenographic report in time is not jurisdictional.* The filing of a properly authenticated stenographic report or an agreed statement of the facts within the time provided by paragraph (*b*) of section 19 of the Workmen's Compensation act is not essential to the jurisdiction of the Industrial Board to entertain a petition to review the decision of the committee of arbitration, and it is sufficient if such report or statement is filed before the hearing. (*Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board,* 276 Ill. 454, followed.)

2. SAME—*what is not a sufficient finding as to permanent disability.* A finding by the Industrial Board that the applicant "is now totally disabled" is not sufficient to sustain an order for compensation for permanent disability, even though the finding of the board also provides that compensation shall be paid to the applicant as long as he shall live.

FARMER and DUNN, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. THOMAS M. JETT, Judge, presiding.

E. H. Hicks, and Provine & Provine, for plaintiff in error.

Taylor & Taylor, for defendants in error.

Mr. Justice Carter delivered the opinion of the court:

This is a writ of error from this court to review a judgment of the circuit court of Christian county quashing a writ of *certiorari* and confirming an award of the Industrial Board in favor of James Seddon, such award having been made by said board on review of the decision of the committee of arbitration. Seddon was employed by plaintiff in error in its mines. February 24, 1914, he was struck on the side of the head by a piece of coal or rock, presumably thrown by a shot exploded in blasting a short distance from where he was working. The result of this injury was the cracking of the skull for a distance of about an inch and a half and laying open a large gash in the flesh. He was taken to the hospital and treated for a considerable time. Because a foreign substance was left in the wound a second operation was necessary, and from the original wound and the fact that it may not have been treated correctly the evidence tends to show that he is mentally depressed and permanently disabled. He has done no work since the time of the accident and insists that he is absolutely unable to perform any labor. After his injury he filed his claim for compensation with the Industrial Board. A committee of arbitration, after a hearing, made an award in Seddon's favor. The decision of said committee was filed with the Industrial Board on September 28, 1914, and on September 30 Seddon was notified of such filing. On October 14, the last day of the time allowed by the statute for so doing, Seddon filed with the Industrial Board a petition for a review of the decision of the committee of arbitration. No agreed statement of facts or authenticated stenographic report was filed at that time, but later, within

the time fixed by statute, Seddon asked for and was granted by the board fifteen days' additional time in which to file said report. On November 4, within the time as so extended, he filed a typewritten document of 170 pages, which recited that it was a transcript of the proceedings before the committee of arbitration but which was not signed or authenticated. On November 10, after the expiration of the additional time allowed by the board, the attorneys for Seddon filed with the board their certificate that the stenographic report of the testimony theretofore filed was true and correct. At the same time said attorneys filed with said board a motion for extension of time to permit the examination and authentication of the stenographic report, stating that the stenographer did not get out the transcript until November 3, which was not in time to permit the submitting of it to the attorneys for plaintiff in error. No order appears to have been entered on this motion. At the hearing of the Industrial Board on the petition for a review counsel for plaintiff in error moved to dismiss the petition for the reason that Seddon had not filed either a stenographic report of the proceedings, properly signed, or an agreed statement of facts, within the time prescribed by statute. This motion was overruled by the Industrial Board.

The chief contention here is that the Industrial Board, on account of the failure to file a proper stenographic report within the time specified by statute, was without jurisdiction to review the proceedings under the provisions with reference to the filing of this report as set out in paragraph (*b*) of section 19 of the Workmen's Compensation act passed in 1913, as amended in 1915. Under the holdings of this court in *Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board,* 276 Ill. 454, the filing of a properly authenticated stenographic report within the time fixed in the statute was not essential in order to give the Industrial Board jurisdiction to review the proceedings of the arbitration committee. If at any time before the hear-

ing a properly authenticated stenographic report is filed with the Industrial Board this is all that is required by the statute. The date fixed by the statute as to the filing of such report is directory,—not mandatory,—and is not jurisdictional.

Counsel for plaintiff in error further argue that the evidence in the record does not justify the award. Under section 19 of the Workmen's Compensation act, when the Industrial Board acts within its power its findings upon the facts are conclusive upon the courts. (*Parker-Washington Co.* v. *Industrial Board,* 274 Ill. 498, and cases cited.) If the finding of the Industrial Board were sufficient we would not be justified in reversing the finding on account of lack of evidence.

Counsel for plaintiff in error further argue that the finding of the Industrial Board does not sustain its award as to permanent injury. The board's finding on this point reads: "4. That the applicant is now totally disabled. * * * It is further ordered, adjudged and decreed by the board that the plaintiff have and recover of the respondent the sum of $7.70 per week for a period of 416 weeks. * * * It is further ordered, adjudged and decreed that after the termination of the period of said 416 weeks and the payment of compensation therefor, should applicant be then living, he have and receive of and from the respondent a pension of $21.36 per month so long as he shall live." Section 8 of the Workmen's Compensation law provides for compensation for "temporary total incapacity for work" and for "complete disability which renders the employee wholly and permanently incapable of work." It is argued that under these provisions of the Workmen's Compensation act it does not appear from the finding that the respondent was permanently disabled; that it finds he is "now totally disabled," but does not state that he is permanently disabled. A man might now be totally disabled and yet not permanently disabled. It is true that the finding also states that compensa-

tion should be paid to Seddon as long as he lived, but if he was not permanently disabled such payments ought not to be made if he recovered, and the board could not hereafter change its finding unless there was a change in the physical condition of Seddon, even though it had made a mistake in the original finding as to whether or not he was permanently disabled. It is important, therefore, that in making its finding the board should state accurately whether the injured person was completely disabled so as to be permanently incapable of work or was only totally incapacitated for a limited period of time. The finding of the Industrial Board in this cause was not sufficient to sustain an order for permanent disability.

For this reason the judgment of the circuit court is reversed and the cause remanded for further proceedings in harmony with the views herein set forth.

*Reversed and remanded.*

FARMER and DUNN, JJ., dissenting:

For the reasons expressed by us in our dissent from the opinion in *Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board,* 276 Ill. 454, we cannot agree to the holding in this opinion that the filing of an authenticated stenographic report within the time the statute says it must be filed is not required to give the Industrial Board jurisdiction to review the award of the committee of arbitration but that it is sufficient if this be done at any time before the hearing on review. The statute says the agreed statement of facts or stenographic report, duly authenticated, shall be filed within twenty days after notice of filing the decision, or within such further time, not exceeding thirty days, as the board may for sufficient cause grant. It was within the powers of the legislature to enact such a requirement and it is not within the province of courts to disregard it.