## BRISTOW COTTON OIL CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 9120—Opinion Filed March 16, 1920.

(Syllabus by the Court.)

**Master and Servant—Workmen's Compensation—Award for Loss of Use of Hand.**

Under Workmen's Compensation Act (chapter 246, Session Laws 1915), making provision for payment of a definite sum for loss of particular fingers, and also providing that a permanent loss of the use of a hand shall be considered as equivalent to its loss, where a servant received an injury which resulted in the complete loss of four fingers and a portion of the palm, and rendered the thumb of but little use, there was a permanent loss of the use of the hand as rendered proper the award therefor.

Action to reverse award by State Industrial Commission of compensation for personal injuries to Joe Tapp. Action prosecuted by the Bristow Cotton Oil Company and another. Affirmed.

Twyford, Smith & Crowe, for petitioners.

S. P. Freeling, Atty. Gen., R. E. Wood, Asst. Atty. Gen., and W. R. Bleakmore, Asst. Atty. Gen., for respondents.

OWEN, C. J. There is no dispute that Joe Tapp sustained an injury to his hand while in the employ of the Bristow Cotton Oil Company, necessitating amputation of four fingers and a portion of the palm. The commission made an award for the loss of the use of his hand, and it is urged this award is not supported by the evidence.

Counsel for petitioners state in their brief:

"The only proposition which we care to present before this court for determination is the power of the Industrial Commission to find that loss of the use of the left hand was a fact, under the evidence."

The evidence was to the effect that the hand was crushed and four fingers and a portion of the palm amputated, leaving about an inch of the palm and the thumb. Tapp testified that he had some use of his thumb; that he "could move it just a little." Section 6, art. 2, Workmen's Compensation Act, provides that permanent loss of the use of a hand shall be considered as the equivalent of the loss of such hand. Evidently the legislature contemplated there would be cases in which the loss of a portion of the hand would produce loss of the use of the hand, and this case appears to be of that nature.

In Rockwell v. Lewis, 54 N. Y. Supp. 893, where the servant lost three fingers and the fourth finger was rendered stiff and practically useless, the award for permanent loss of the use of the hand was sustained. In Fenman v. Albert Mfg. Co., 155 N. Y. Supp. 909, where the accident necessitated amputation of the finger at the first phalange, which resulted in stiffness, so that the remainder of the finger became practically useless, it was held that the finger must be deemed to have been lost, although not actually amputated, and an award was sustained for the entire amount that could have been recovered for the loss of such finger. In the case of In re Massachusetts Employees' Ins. Ass'n. (Mass.) 106 N. E. 559, it was held that a hand "is incapable of use" when the injuries are such that the hand cannot be used in the ordinary manner, and is capable of use only as a hook; it not being necessary that the incapacity be tantamount to an actual severance.

We agree with counsel that the award must be based upon substantial evidence, and, measured by that rule, we are of the opinion that the evidence in this case supports the award. The judgment of the Industrial Commission must be affirmed.

PITCHFORD, McNEILL, HIGGINS, and BAILEY, JJ., concur.