## The People of the State of Illinois ex rel. Rudolph Oelsner, Defendant in Error, v. Charles S. Andrus et al., Plaintiffs in Error.

### Gen. No. 25,290.

1. MASTER AND SERVANT, § 98a*—*what is necessary for review of decision of commission.* Under Workmen's Compensation Act, paragraph (b), sec. 19 [Callaghan's 1920 Stat. ¶ 5475(19)], providing that upon petition for review of the decisions of an arbiter an authenticated stenographic report of the proceedings must be filed within 20 days after service of notice of the decision of the arbiter, all that is required is that any time before the hearing such report be filed, and the date fixed by the statute as to the filing of such report is directory—not mandatory—and is not jurisdictional.

2. MANDAMUS, § 89*—*when mandamus will lie to compel review of decision of Industrial Commission.* Mandamus will lie to compel the Industrial Commission to take jurisdiction of a petition for review of the decision of an arbiter, where the petition and agreed statement of facts or stenographic report are filed.

3. MANDAMUS, § 16*—*when quasi-judicial tribunals will be compelled to act.* Mandamus will lie to compel a subordinate or *quasi-*judicial tribunal to act, where it is its duty to act.

4. MASTER AND SERVANT, § 98a*—*how Industrial Commission may be compelled to act.* Where the Industrial Commission has refused to take jurisdiction, when under the law it was its duty to assume jurisdiction, mandamus is an appropriate remedy.

5. MASTER AND SERVANT, § 98a*—*when existence of other remedy does not prevent relief by mandamus.* Even though the decisions of the Industrial Commission may generally be reviewed by the statutory writ of certiorari, that does not in a proper case exclude the remedy by mandamus.

Error to the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed October 6, 1920.

EDWARD J. BRUNDAGE, for plaintiffs in error; GEORGE A. SCHNEIDER, of counsel.

MOSES, ROSENTHAL & KENNEDY, for defendant in error; WALTER BACHRACH, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

The record in this cause presents two questions of law: First, has the superior court of Cook county jurisdiction of a petition for a writ of mandamus which requests that court to command the Industrial Commission of the State of Illinois to review a proceeding where the commission has held that—as no statement of facts or stenographic report was filed within 20 days, as provided in paragraph (b) of section 19 of the Workmen's Compensation Act [Callaghan's 1920 Stat. ¶ 5475(19)]—it has no jurisdiction? Second, a question upon the interpretation of a statute—is paragraph (b), *supra*—complied with where a petition to review the decision of an arbitrator has been filed with the commission in apt time, but the authenticated stenographic report, though filed before a hearing upon the petition, was not filed until more than 20 days after service of notice of the decision of the arbitrator?

The matters involved arise by reason of the overruling of a demurrer to a petition for a writ of mandamus filed by the relator, Rudolph Oelsner. The respondents (plaintiffs in error) are the members of the Industrial Commission of Illinois.

The petition for the writ of mandamus alleges, *inter alia*, the following: That one Lange made an application for adjustment of claim for recovery of compensation for injury sustained by reason of an accident arising out of and in the course of the employment; that a hearing was had before an arbitrator; that the arbitrator filed his decision upon the application.

That the decision found that Lange, the employee, and the employer (the relator) were operating under the Workmen's Compensation Act; that Lange sustained accidental injuries arising out of and in the course of the employment, and allowed compensation;

that Lange left him surviving his widow and certain children.

That compensation has been paid amounting to $608.35; that on February 7, 1919, notice of the decision of the arbitrator, dated January 21, 1919, was served on the attorneys for the employer (the relator); that on the 12th day of February, 1919, the employer (the relator) filed his petition for review of the decision of the arbitrator.

That in the petition for review it was stated that the employer intended to introduce additional evidence before the Commission; that on March 4, 1919, a stenographic report of the proceedings at the hearing before the arbitrator was filed after having been duly authenticated by the attorneys.

That on March 11, 1919, notice was served that the hearing upon the petition of the review was set for March 24, 1919, and that on that date it was continued to March 27, 1919, on which day it came on for hearing, and that attorneys representing the employer and the employee were present, and that the attorney for the employer represented that he wanted to submit additional evidence on behalf of the employer (the relator).

That James A. Culp, one of the members of the Industrial Commission, stated that the stenographic report of the proceedings was filed 25 days after notice of the decision, and, as it had been filed 5 days late, the Industrial Commission was without jurisdiction to hear the petition for review; that the attorney for the employer desired then and there to offer additional evidence, and that said Culp, one of the commissioners, stated that the Commission was without jurisdiction and that he would not hear any argument or permit any offer of evidence to be made.

That on March 31, the attorney for the employer made a demand to submit the controversy to not less than a majority of the members of the Industrial

Commission and to submit such additional evidence. That the attorney for the employer offered to show that the employee executed a receipt in full settlement of compensation under the provisions of the Compensation Act, and that such receipt was filed with the Industrial Board.

That on April 9, 1919, the employer (the relator) by his attorney appeared before the Industrial Commission for the purpose of making an argument on the question of jurisdiction of the Industrial Commission, and the attorney for the employee appeared and moved the Industrial Commission to dismiss the petition for review for want of jurisdiction; that on April 10, 1919, the members of the Industrial Commission ordered the petition to review the decision of the arbitrator to be dismissed, and that the award of the arbitrator stand as and for the decision of the Industrial Commission.

That this was done on the ground that the stenographic report in said cause was not filed within 20 days from the date of the service of notice of the decision of the attorneys for the employer; that the action of the members of the Industrial Commission in refusing to permit the employer to submit additional evidence and to make the argument to not less than a majority of the members of the Industrial Commission was arbitrary, and that in refusing to review the decision of the arbitrator, the action is contrary to paragraph (e) of section 10 of the Workmen's Compensation Act [Callaghan's 1916 Stat. ¶ 5475(10)].

The petition for the writ of mandamus prayed that a writ be issued commanding the respondents to reinstate and hear the petition of the relator for a review of the decision of the arbitrator.

The respondents demurred to the petition. Their demurrer was overruled, and a writ of mandamus ordered issued. The matter now comes before us

upon a writ of error, sued out by the respondents, and challenging the judgment of the trial judge.

Two questions are involved: (1) Did the commission have jurisdiction, and (2) assuming it had jurisdiction, will mandamus lie?

(1) As to jurisdiction: It is contended by the respondents that they are not, under the law, entitled to take jurisdiction of a petition to review the decision of an arbitrator where a properly authenticated stenographic report is not filed within 20 days after notice of the decision of the arbitrator has been served though such a report is filed before the hearing upon the petition. And they state in their brief that the Supreme Court has not decided whether the filing of such a document within 20 days is jurisdictional. The language of the statute [Callaghan's 1920 Stat. ¶ 5475(19)(b)] that is involved is as follows:

"The decision of the arbitrator or committee of arbitration shall be filed with the Industrial Board, which board shall immediately send to each party or his attorney a copy of such decision, together with a notification of the time when it was filed, and unless a petition for a review is filed by either party within fifteen days after the receipt by said party of the copy of said decision and notification of time when filed, and unless such party petitioning for a review shall within twenty days after the receipt by him of the copy of said decision, file with the board either an agreed statement of the facts appearing upon the hearing before the arbitrator or committee of arbitration, or if such party shall so elect, a correct stenographic report of the proceedings at such hearings, then the decision shall become the decision of the Industrial Board: *Provided,* that such Industrial Board may for sufficient cause shown grant further time, not exceeding thirty days, in which to petition for such review or to file such agreed statement or stenographic report. Such agreed statement of facts or correct stenographic report, as the case may be,

shall be authenticated by the signatures of the parties or their attorneys and in the event they do not agree as to the correctness of the stenographic report it shall be authenticated by the signature of the arbitrator designated by the board.''

Two cases bearing upon the point have been decided by the Supreme Court. They are *Bloomington, D. & C. R. Co. v. Industrial Board of Illinois,* 276 Ill. 454, and *Illinois Midland Coal Co. v. Industrial Board of Illinois,* 277 Ill. 333. In the latter case, that court said: ''Under the holdings of this court in *Bloomington, D. & C. R. Co. v. Industrial Board,* 276 Ill. 454, the filing of a properly authenticated stenographic report within the time fixed by the statute was not essential in order to give the Industrial Board jurisdiction to review the proceedings of the arbitration committee. If at any time before the hearing a properly authenticated stenographic report is filed with the Industrial Board this is all that is required by the statute. The date fixed by the statute as to the filing of such report is directory—not mandatory—and is not jurisdictional.''

In each of the above cases a document entitled as a stenographic report was actually filed within the time allowed, but in neither case was authentication made until after the expiration of that time. Of course, in the eyes of the law, the filing of an unauthenticated report was a negligible act, and, as such, did not constitute compliance with the affirmative requirements of section b of the statute. Only when such document was authenticated could it be said that the requirements of the law were complied with. But, seemingly, the Supreme Court has taken pains to express quite clearly and emphatically just what the statute means. The language is that ''If at any time before the hearing a properly authenticated stenographic report is filed'' that is all that is required. And, further, it has said that: ''The date fixed by the statute as to the filing of such report is directory—

not mandatory—and is not jurisdictional.''

If it were a matter of new impression, a question of first interpretation, we might be inclined, readily, to agree with the respondents; but it is, in our opinion, already governed by the decided cases.

Counsel have made the contention that there is an analogy between the statute, here subject to interpretation, and section 23 of the Municipal Court Act (J. & A. ¶ 3334), but in view of what the Supreme Court has already decided in the two cases, *supra,* we are of the opinion that such a claim, even though there may be some analogy, becomes immaterial.

(2)  Will mandamus lie? Paragraph (e) of section 19 of the Workmen's Compensation Act as amended in 1915 [Callaghan's 1920 Stat. ¶ 5475(19)], provides that ''If a petition for review and agreed statement of facts or stenographic report is filed, * * *, the Industrial Board shall promptly review the decision of the arbitrator  * * *  and all questions of law or fact which appear  * * *  and such additional evidence as the parties may submit.'' Having held, as we have already stated, that the Commission had the right to take jurisdiction and the statute providing that under the circumstances it shall take jurisdiction, was the relator entitled by his petition for the writ of mandamus to have it commanded so to do? Two sets of principles must be borne in mind and kept separated: First, those that are involved in the process of determining whether the commission has the right to take jurisdiction; second, those that pertain to the determination of the matters involved after it has actually taken jurisdiction. If the Commission errs in its judgment as to the first, it may be compelled by mandamus to act; if it errs as to the second, it may not. In the first case, refusal to act is a negative, and although it involves the affirmative judgment of the commission, it is not, as regards the right to mandamus, a judicial act. The distinc-

tion may be an arbitrary one, but it is the law.

This court said in *Calder v. City of Chicago*, 176 Ill. App. 313, that, although it is well settled that "such writ will lie to compel a subordinate or *quasi* judicial tribunal to act where it is its duty to act, it will not require it to decide a matter in a particular manner," etc. *People v. Wells*, 255 Ill. 450; *Crocker v. Superior Court Justices*, 208 Mass. 162.

We are of the opinion that where the Industrial Commission has refused to take jurisdiction, when under the law it was its duty to assume jurisdiction, mandamus is an appropriate remedy. And, further, even though the decisions of the Industrial Commission may generally be reviewed by the statutory writ of certiorari, that does not, in the instant case, exclude the remedy by mandamus. Section 9, ch. 87, Hurd's Rev. St. 1917 (J. & A. ¶ 7338).

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

O'CONNÓR and THOMSON, JJ., concur.