(No. 13693.—Reversed and remanded.)

BERT BALLOU et al. Plaintiffs in Error, vs. THE INDUS-
TRIAL COMMISSION et al.—(FRANK LUTHER, Defendant
in Error.)

*Opinion filed February 15, 1921.*

1. WORKMEN'S COMPENSATION—*loss of use of hands may not be
equivalent to loss of hands.* Under paragraph (e) of section 8 of
the Compensation act of 1915 the loss of the use of both hands is
not necessarily equivalent to the loss of both hands, although such
will be the case if normal use of the hands is entirely taken away.

2. SAME—*what does not authorize finding of total and perma-
nent loss of use of both hands.* A finding that an injured employee
has suffered a permanent and complete loss of the use of both hands
is not authorized where his evidence shows that he does janitor
work, in which he uses a broom and wheelbarrow, and has worked
at clam fishing, using a pole in his hands to move the boat about,
and where the medical testimony is that he has lost seventy-five
per cent of the use of one hand and sixty-six and two-thirds per
cent of the use of the other.

WRIT OF ERROR to the Circuit Court of Kendall county;
the Hon. ADAM CLIFFE, Judge, presiding.

JOHN M. RAYMOND, and JOHN K. NEWHALL, for plain-
tiffs in error.

ALSCHULER, PUTNAM & FLANNIGEN, for defendant in
error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error, Frank Luther, on March 30, 1917,
while employed about machinery used in connection with
the sand-pit of the plaintiffs in error, was seriously injured.
While oiling some of the machinery used in connection with
plaintiffs in error's business his jacket was caught by a re-
volving shaft and his arms drawn into the machine. The
evidence discloses that he lost the index finger and the
distal phalange of the thumb of the right hand; that the
joints of the remaining fingers were anchylosed or stiffened;
that while he could grasp objects of the size of two fingers

of a man's hand yet his hand could not be closed entirely; that there was likewise a stiffening or a loss of motion of the wrist joint; that the left arm was fractured in the upper third of the humerus; that the wrist was anchylosed, and in addition there was a severance of the nerve controlling the muscles used in lifting the hand, so that he had what is known as "drop wrist," meaning that the hand could not be raised at the wrist; that though the members of the left hand were not lost, all are stiff in the joints and limited in their use. The medical testimony of both parties to this cause of action tends to show that the defendant in error suffered a loss of at least seventy-five per cent of the use of the right hand and sixty-six and two-thirds per cent of the left hand, the evidence of defendant in error tending to show that the right hand is practically useless so far as labor is concerned. The Industrial Commission, on review, found that the applicant, as a result of the accident, had suffered the permanent and complete loss of both hands, and entered an award in the sum of $7.50 per week for 416 weeks and a pension for the remainder of applicant's life in the sum of $20.80 per month, "for the reason that the injury sustained caused the permanent and complete loss of use of both hands, and for the further reason that the injuries sustained have caused complete disability, which renders the petitioner wholly and permanently incapable of work." This award having been confirmed by the circuit court, the case comes here on writ of error.

Plaintiffs in error contend that the finding of the Industrial Commission is insufficient, in that it does not find that the applicant suffered a loss of both hands, as provided by the last clause of paragraph (e) of section 8 of the Workmen's Compensation act of 1915; that a finding that the applicant suffered the permanent and complete loss of use of both hands is not a finding which complies with this provision of the statute. It is further contended that there is no competent evidence in the record

tending to establish that the accident in question caused the loss of both hands within the meaning of paragraph (*e*) so as to constitute total and permanent disability for the purpose of fixing compensation under paragraph (*f*) of section 8, and that the competent evidence shows that the defendant in error was not wholly and permanently incapable of working, as required by paragraph (*f*).

Paragraph (*e*) of section 8 of the Compensation act of 1915 provides as follows: "For the loss of a hand, or the permanent and complete loss of its use, fifty percentum of the average weekly wage during 150 weeks. * * * The loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two thereof, shall constitute total and permanent disability, to be compensated according to the compensation fixed by paragraph (*f*) of this section: *Provided,* that these specific cases of total and permanent disability shall not be construed as excluding other cases." Paragraph (*f*) provides: "In the case of complete disability, which renders the employee wholly and permanently incapable of work," certain payments of compensation shall be made, including pension for the life of the applicant.

Plaintiffs in error contend that under the act of 1915, in order to bring the applicant under the provisions of the statute regarding complete disability rendering the employee wholly and permanently incapable of work, the injury to the hands must be the loss of both hands and not the loss of the use of both hands. While in case of loss of both hands the use of them would, of course, be likewise lost, yet it does not follow that the loss of use of both hands is the same as the loss of both hands. The expressions "loss" and "loss of the use," as used in the law, should be given their ordinary meaning. Incapacity to use a member need not, however, be tantamount to actual severance of that member. It is enough if its normal use is entirely taken away. (*Mark Manf. Co.* v. *Industrial Com.* 286 Ill. 620.) But it is evident under this act as it existed at the

time of the injury, that if there exists in this case a complete disability which renders the defendant in error wholly and permanently incapable of work it must arise from other sources than those specified in paragraph (*e*).

Defendant in error argues that as under the provisions of paragraph (*e*) the specific cases mentioned in said paragraph are not to be construed as excluding other cases, he is entitled to the award under paragraph (*f*), for the reason that the evidence shows that he is, in fact, totally and permanently disabled. It will be clearly seen that situations other than those referred to in said paragraph may arise which might result in total permanent disability. In *Illinois Midland Coal Co.* v. *Industrial Board,* 277 Ill. 333, a fracture of the skull resulted in total permanent disability. So in *Frey* v. *Kerens-Donnewald Coal Co.* 271 Ill. 121, where paralysis resulted from a blow on the head, rendering the applicant permanently incapable of work. So the question arises whether or not there is any competent evidence in the record tending to show that the condition of the defendant in error, although not enumerated in paragraph (*e*) of section 8, is nevertheless such as renders him wholly incapable of work. We do not think so. The defendant in error's evidence shows that he did janitor work, in which he used a broom and wheelbarrow; that for two months he earned $50 per month as watchman, and that he worked at clam-fishing, poling the boat up and down the river by means of a push-pole, which he used with his hands. While the evidence also discloses that he could not do this work as well nor as long as he could have done before the injury, yet that evidence does negative the idea that he is totally incapable of performing work. The injury to the defendant in error was serious and he should receive the full amount of compensation to which he is entitled under the law, but this court does not make the laws but must construe them as it finds them. We are of the opinion that there was no competent evidence in the record tending to

show that for any cause defendant in error is totally permanently disabled, rendering him wholly and permanently incapable of work.

The judgment of the circuit court must therefore be reversed and the cause remanded to that court, with directions to remand the same to the Industrial Commission for further proceedings not inconsistent with this opinion.

*Reversed and remanded, with directions.*