ALFRED MOSES, Appellant, v. NATIONAL UNION COAL MINING
COMPANY et al., Appellees.

MASTER AND SERVANT:   Workmen's Compensation Act—Injuries
1  Not Specifically Provided For.   When the compensation for a dis-
ability which is ''partial in character and permanent in quality''
is not specifically provided for in the Workmen's Compensation
Act, the commissioner must determine the ratio which the unpro-
vided-for disability bears to the analogous disability which is pro-
vided for in the statute, and grant compensation accordingly.
Evidence held to justify the commissioner in treating the loss of
the *use* of a foot as equivalent to the loss of the foot itself.  (Sec.
2477-m9, Sub. j 18, Code Supp., 1913.)

MASTER AND SERVANT:   Workmen's Compensation Act—Double
2  Compensation.   An employee whose injury results in the loss of a
foot or of the use thereof, may not have a double allowance of
compensation under Section 2477-m9, viz.: one under Sub. h, as
compensation *for lessened earning capacity*, and one under Sub. j 14,
as compensation *for the loss of the foot or of the use thereof.*

MASTER AND SERVANT:   Workmen's Compensation Act—''Disa-
3  bility'' Defined.   ''Disability,'' as used in Section 2477-m9, Sub. j,
means ''impairment of earning capacity,'' and not ''the loss of a
member or the permanent loss of the use of a member.''

*Appeal from Monroe District Court.*—D. M. ANDERSON, Judge.

OCTOBER 19, 1921.

REHEARING DENIED NOVEMBER 21, 1922.

BOTH parties appeal from an award by the court below, in
a proceeding under the Workmen's Compensation Act.—*Af-
firmed on plaintiff's appeal; reversed on cross-appeal.*

*Clarkson & Huebner,* for appellant.

*J. F. Dammann, Jr.,* and *D. W. Bates,* for appellees.

STEVENS, J.—I.   Both parties have appealed from the judg-

ment of the court below in a proceeding under the Workmen's Compensation Act. As the claimant first gave notice, he will be designated as the appellant. The subject of compensation alone is involved.

1. MASTER AND SERVANT: Workmen's Compensation Act: injuries not specifically provided for.

Appellant, a coal miner employed by the National Union Coal Mining Company of Albia, on or about July 21, 1917, was injured by slate falling from the roof of his working place in the mine and striking him on the right shoulder and right leg. His injuries consisted of a fracture of the shoulder blade and a compound fracture of the tibia at its lowermost extremity. The injury to the shoulder completely healed, without resulting disability, and is not involved herein. On August 7, 1918, appellant entered into a stipulation with the National Union Coal Mining Company, as employer, and the Maryland Casualty Company, as insurer, by the terms of which appellee agreed to pay him $623 in full of compensation for the disability incurred,—that is, at the rate of $6.23 per week for 100 weeks. This stipulation was duly filed in the office of the industrial commissioner. The last payment was due and paid August 27, 1919, when a final receipt and release were executed to the company by appellant.

On July 18, 1919, appellant filed a petition, under the provisions of Section 2477-m34 of the 1913 Supplement, with the industrial commissioner, asking that the settlement be reopened and the case reviewed. A hearing was had before the commissioner, resulting in the setting aside of the settlement, and an award of compensation for a period of 125 weeks at $6.23 per week, with provision for credit of payments previously made.

Upon appeal to the district court, the finding of the commissioner was set aside, and an award was made by the court of $6.23 per week for the entire period of disability, not, however, exceeding 300 weeks. Both parties concede that the allowance made by the commissioner for 125 weeks was proper, and should have been sustained. Appellant, however, further contends that he is entitled to compensation under Paragraph 14, Subdivision j, of Section 2477-m9, and also under Subdivision h thereof. The injury to appellant's leg resulted in complete and permanent ankylosis, or stiffening of the ankle. There

is also a sinus above each malleolus, from which a thin pus is discharged. This discharge is caused by a decayed condition of the bone. The physicians who testified before the industrial commissioner gave it as their opinion that the sinuses will ultimately completely heal.

Subdivision h of Section 2477-m9, as amended by Chapter 270 of the Acts of the Thirty-seventh General Assembly, is as follows:

"For injury producing temporary disability, 50 per cent of the average weekly wages received at the time of injury, subject to a maximum compensation of $15 and a minimum of $6.00 per week; provided, that if at the time of injury the employee receives wages less than $6.00 per week, then he shall receive the full amount of wages per week. This compensation shall be paid during the period of such disability, not, however, beyond 300 weeks."

Subdivision j, as amended by Chapter 270 of the Acts of the Thirty-seventh General Assembly, and Paragraph 14 thereof, is as follows:

"For disability partial in character and permanent in quality, the compensation shall be as follows: * * *

"(14)   For the loss of a foot, 50 per cent of daily wages during 125 weeks."

No specific provision is to be found in the Workmen's Compensation Act for disability resulting from the loss of the use of a foot. Section 18 (Section 19, as renumbered by Chapter 270, Acts of the Thirty-seventh General Assembly) of Subdivision j, Section 2477-m9, is as follows:

"In all other cases in this, clause (j), the compensation shall bear such relation to the amount stated in the above schedule as the disability bears to those produced by the injuries named in the schedule. Should the employee and employer be unable to agree upon the amount of compensation to be paid in cases not specifically covered by the schedule, the amount of compensation shall be settled according to provisions of this act as in other cases of disagreement."

The commissioner found that the disability resulting from the injury to appellant's ankle was partial in character and permanent in quality; and, as compensation for the permanent

loss of the use of a foot is not otherwise provided by statute, he classified the disability as one coming under the provisions of Paragraph 18, and allowed compensation for the same number of weeks as is provided in Paragraph 14 for the loss of a foot. That is, he found that the relation the compensation for the disability shown bore to the disability resulting from the loss of a foot was 100 per cent. The statutes of several of the states specifically provide that ''loss of the use'' of a member shall be equivalent to the ''loss'' of the member, and in a few cases, the disability has been so treated, in the absence of statute. *Clark v. Kennebec Journal Co.* (Me.), 113 Atl. 51; *Kramer v. Sargent & Co.*, 93 Conn. 26 (104 Atl. 490); *McLean's Case*, 119 Me. 322 (111 Atl. 383); *Bristow Cotton Oil Co. v. State Indus. Com.*, 77 Okla. 316 (188 Pac. 658); *Choctaw Portland Cem. Co. v. Lamb*, 79 Okla. 109 (189 Pac. 750); *Ballou v. Industrial Com.*, 296 Ill. 434 (129 N. E. 755); *Mark Mfg. Co. v. Industrial Com.*, 286 Ill. 620 (122 N. E. 84); *Spring Canyon Coal Co. v. Industrial Com.* (Utah), 193 Pac. 821; *Chicago Home for Friendless v. Industrial Com.*, 297 Ill. 286 (130 N. E. 756).

It was the opinion of some, at least, of the medical witnesses that the disability resulting from the ankylosis of the ankle was, in reality, greater than would have resulted from the amputation of the foot, after an artificial member had been provided. It seems to us that the classification adopted by the commissioner and the method of computation is correct, and that the compensation awarded by him for 125 weeks should have been sustained by the court below. Upon this point the parties are agreed, at least as to the amount allowed.

II. It is, however, contended by counsel for appellant that the injury was also compensable under Subdivision h. This contention presents a more difficult question for decision.

2. MASTER AND SERVANT: Workmen's Compensation Act: double compensation.

The act nowhere provides that, in case of the loss of a member, compensation shall be allowed therefor and also for the loss of earning capacity under Subdivision h, nor does it specifically deny compensation for both. The compensation provided in the several paragraphs under Subdivision j is for ''disability.'' The whole theory and purpose of our Workmen's Compensation Act is to provide partial compensation to an in-

jured employee during the period of disability resulting from such injury, not, however, in excess of a designated number of weeks. The word "*disability,*" as here used, certainly means impairment or lessening of earning capacity, and not the loss of a member or the permanent loss of the use thereof. *Marhoffer v. Marhoffer*, 220 N. Y. 543 (116 N. E. 379); *Limron v. Blair*, 181 Mich. 76 (147 N. W. 546). The statute does not create a claim for damages, but provides for compensation based upon a certain percentage of the wages being earned. This construction is, to some extent, sustained by the provisions of Subdivision g of Section 2477-m9, which provides that:

3. Master and Servant: Workmen's Compensation Act: "disability" defined.

"No compensation shall be paid for an injury which does not incapacitate the employee for a period of at least two weeks from earning full wages; but if incapacity extends beyond a period of two weeks, compensation shall begin on the fifteenth day after the injury."

Subdivision j was amended by Chapter 270, Acts of the Thirty-seventh General Assembly, so as to allow· compensation at once, in case of the severance of a member.

Appellant relies particularly upon *Nitram Co. v. Court of Common Pleas*, 84 N. J. L. 243 (86 Atl. 435), to sustain his claim to compensation under both Subdivision j, Paragraph 14, and Subdivision h. In the *Nitram* case, the ends of the index, middle, and ring fingers of his right hand were crushed and slightly deformed. The end of the index finger of his left hand was also crushed, but this did not interfere with its use. The middle and ring fingers of his left hand were so badly crushed that amputation of the first and part of the second phalange of each of these fingers was necessary. These injuries produced a temporary disability, due in part to an infection of the left hand. The court, in its opinion, treated the injury to the hands and the injury resulting from the infection as two separate injuries, wholly different in character. Just what significance was given to this fact does not clearly appear; but it is important that the New Jersey court construes the word "*disability*" resulting from the severance of a member as having reference to the loss of the member or the function thereof, rather than. to the impairment of earning power. *De Zeng*

*Standard Co. v. Pressey,* 86 N. J. L. 469 (92 Atl. 278); *Marhoffer v. Marhoffer,* supra.

As already indicated, the word "disability," as used in the Workmen's Compensation Act of this state, refers to the impairment or loss of earning capacity, and not to the loss of the member or of the use thereof. Appellant suffered but a single injury to the ankle. The ankylosis and sinuses, with resulting suppuration, are due to this injury alone. As the right to compensation is based upon disability producing impairment or loss of earning capacity, the schedule specifically fixing the amount to be paid on account of disability resulting from a single injury must be construed as exclusive of all other provisions of the act. The compensation fixed and allowed under Subdivision h is "for injury producing temporary disability," and that allowed for the loss of a member or of the use thereof is "for disability partial in character and permanent in quality;" and compensation under one clause precludes compensation under the other. As bearing upon this question, and as tending to support this conclusion, see *Spring Canyon Coal Co. v. Industrial Com.,* supra; *Kramer v. Sargent & Co.,* supra; *Marhoffer v. Marhoffer,* supra; *Chicago Home for Friendless v. Industrial Com.,* supra; *International Coal & Min. Co. v. Industrial Com.,* 293 Ill. 524 (127 N. E. 703).

Appellant is entitled to compensation either under Paragraph 18 of Subdivision j or under Subdivision h. In no event is he entitled to compensation under both. The statute contemplates but one compensation for the severance of or the loss of the use of a single member. The theory of the Workmen's Compensation Act adopted by the New Jersey court and ably urged by counsel for appellant is not applicable to the provisions of our statute. The injury to appellant's ankle is permanent in quality, but his disability is partial only. It may be that the compensation awarded by the commissioner will not compensate appellant for the full period of his disability, but this, regrettable as it may be, is without controlling importance. Compensation is limited in all cases; and it is easily conceivable that the disability in a given case, although not permanent in quality, may continue much longer than the

limit fixed by the statute during which the employer must make compensation.

It is our conclusion and we hold that appellant was entitled only to compensation as found by the commissioner, for 125 weeks, at the rate fixed by him, and that the allowance by the court of compensation, under Subdivision h, during the period of disability, not exceeding 300 weeks, is erroneous, and should be set aside. The judgment of the court below is, therefore, affirmed on plaintiff's appeal and reversed upon the cross-appeal, and the cause is remanded for further necessary proceedings under the provisions of the statute, in conformity with this opinion.—*Affirmed on plaintiff's appeal; reversed on cross-appeal.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.