**LIVINGSTON OIL CORPORATION et al.
v. HENSON et al.**

No. 12654—Opinion Filed July 18, 1922.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation—"Permanent Loss of Use of Hand."**

Under the Workmen's Compensation Act, chapter 246, Session Laws 1915, making provision for payment of a definite sum for loss of particular fingers, and providing that the permanent loss of the use of hand shall be considered equivalent to its loss, where a servant was a person engaged in common labor for a livelihood, and lost his right hand, and had a crushing injury to his left hand, and part of the tendons had been severed, the tendons to the little and ring finger and the nerve supply to those fingers are practically destroyed, and has a partial use of a thumb, and the other fingers have been impaired by the injury, and he has partial use of the wrist, but he suffered pain when moving the same, and the tissue in the wrist had been crushed, there was such a permanent loss of the use of the hand as to render proper the award thereof.

2. **Same.**

The words "permanent loss" in an award should receive a construction which while not narrow and technical is fairly within their interpretation without being so liberal as to give a right which the words themselves do not import.

Appeal from Order of the Industrial Commission. Affirmed.

Moss & Tumilty, for petitioners.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for respondent.

McNEILL, J. This proceeding is instituted in this court by Livingston Oil Corporation and Consolidated Underwriters to reverse an award of the State Industrial Commission awarding Robert Madison Henson compensation for permanent loss of the use of the left hand, and for total disability. On February 26, 1920, the claimant sustained an injury to both hands; as a result his right hand was amputated. On June 7, 1920, the Industrial Commission awarded the claimant compensation for loss of his right hand. On August 11, 1921, claimant filed a motion to declare the loss of use of his left hand and claiming total disability. The commission found that the claimant was entitled to compensation for permanent total disability.

To reverse this order it is contended the commission acted without authority in making the award, for the reason that as a matter of law there is no evidence to show that claimant had lost the use of his left hand in addition to the loss of his right hand. This appeal involves a question of fact, and if there is any evidence to support the finding of the commission, the same is final and conclusive upon this court.

The doctor in describing the injury to the left hand stated that the claimant had a crushing injury and part of the tendons of the left hand had been severed, the tendons of the little and ring finger had been severed, and the nerve supply to these two fingers is practically destroyed. The other fingers or tendons are in fair condition and have some nerve supply. He can use two fingers, the index and second, and they have been impaired by the injury to the rest of the hand. The doctor stated the wrist of the claimant was in pretty good condition, he had the use of it flexion and extension, but those tissues have been crushed. The claimant also testified that he could pick up light things, he could move his thumb, he could move his wrist some, but it pained him when he moved his wrist. Is this evidence sufficient to support a finding that the claimant had lost the use of his left hand, and was totally disabled?

This court, in the case of Bristow Cotton Oil Co. v. State Industrial Commission et al., 77 Okla. 316, 188 Pac. 658, stated as follows:

"In the case of Massachusetts Employes Ins. Ass'n, 219 Mass. 136, 106 N. E. 559, it was held that a hand 'is incapable of use' when the injuries are such that the hand cannot be used in the ordinary manner, and is capable of use only as a hook; it not being necessary that the incapacity be tantamount to an actual severance."

In the case of Floccher v. Fidelity & Deposit Co. of Maryland (Mass.) 108 N. E. 1032, it was said:

"Where claimant had only a small amount of motion in the thumb and first finger of his hand, with the middle, ring, and little fingers paralyzed, and the circulation so impaired that the hand went to sleep, his ability to use such hand was so small that the hand was 'permanently incapable of use,' within the Workmen's Compensation Act (St. 1911, c. 751), pt. 2, sec. 11, as amended by St. 1914, c. 708, providing that the additional amounts to be paid in case of the loss of a hand, etc., shall also be paid in case the injury is such that the member is not lost, but so injured as to be 'permanently incapable of use,' since the words 'incapable of use' should receive a construction which, while not narrow and technical, is fairly within their interpretation, without being so liberal as to give a right which the words themselves do not import."

The evidence in the case discloses that the claimant is a common laborer and has his right hand amputated. The left hand was crushed and two fingers had the tendons severed, and the wrist impaired, and the thumb impaired. The doctor stated that he did not know whether he would be capable of drawing a bucket of water from a well. He was further asked if the hand might improve by use, and the doctor stated he did not think so. He also stated, "I don't think he could do much muscular work or manual labor; I think he is disqualified." We think this evidence is sufficient to support the finding of the commission, and its finding is conclusive. The award of the commission is affirmed.

JOHNSON, ELTING, KENNAMER, and NICHOLSON, JJ., concur.