GREEN v. BUICK MOTOR CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PARTIAL
REPORT—EFFECT OF SETTLEMENT.

> Where the employer, in its report to the industrial acci-
> dent board of an injury to one of its employees, reported
> only the loss of the third and fourth fingers of the left
> hand, although the second finger of the same hand had
> been lacerated by the same accident, an award under the
> workmen's compensation act for the loss of the two fingers,
> approved by the board, and receipted for in full by claim-
> ant, would not bar further proceedings for the injury to
> the second finger.

Certiorari to Industrial Accident Board. Submitted
January 11, 1918. (Docket No. 62.) Decided March
28, 1918.

Ralph Green presented his claim for compensation
against the Buick Motor Company for injuries re-
ceived in defendant's employ. From an order award-
ing compensation, defendant and the New England
Equitable Insurance Company, insurer, bring cer-
tiorari. Affirmed.

*Frank J. Riggs,* for appellants.
*Vincent D. Ryan,* for appellee.

MOORE, J. This is certiorari to review a decision of
the industrial accident board awarding compensation
to applicant. On August 17, 1915, claimant, while op-
erating a punch press, sustained an injury which so
severely lacerated the third and fourth fingers of his
left hand that it was necessary to amputate them. The
second finger was also lacerated but was not ampu-
tated. On August 26, 1915, claimant entered into a
written agreement with respondent insurer, in which
it was stated, as to the accident:

"While blanking gas tank support flanges one stuck in die and while knocking same out punch came down and cut off third and fourth fingers of the left hand at second joint."

On September 28, 1915, said agreement was approved by the industrial accident board. On October 4, 1915, claimant regularly filed and served notice of claim for injury which he stated as follows:

"The loss of third and fourth fingers, also laceration of second finger."

On May 16, 1916, claimant received the last of the payments provided for in the agreement mentioned and signed a receipt which contained the following:

"This receipt means a final settlement. Do not sign it unless you intend to end payments of compensation and close the case."

On July 28, 1916, claimant filed with the industrial accident board a petition alleging that in addition to the loss of the third and fourth fingers, he had partially lost the use of the second finger of his left hand; that he had been compensated for the loss of the third and fourth fingers, but that he had received no compensation for the injury to the second finger, and he therefore prayed that the case might be reopened and he be allowed further compensation. The board made an order granting said petition, and, after a hearing, it was provided that said claimant was entitled to compensation amounting to one-half the difference between his average weekly wages before the injury and the average weekly wages he was able to earn thereafter.

The appellant's contention is stated by counsel as follows:

"*First.* That there is no evidence in the record tending to support a finding that claimant has been deprived, by the injury to his second finger, of compen-

sation through any disability in performing the work at which he was engaged when he sustained his injury.

"*Second.* That by reason of the agreement and settlement made by claimant with respondents, regardless of the contention just referred to, claimant is not entitled to compensation through injury to his second finger."

In the return of the industrial accident board the following appears:

"That in the report of the accident the injured employee suffered, which report was filed in its office on September 18, 1915, the respondents reported only the amputation of the third and fourth fingers of the left hand, and that said respondents did not report any injury to any other finger; and that in the agreement filed in the office of the industrial accident board on September 18, 1915, nothing was said about any injury except the injury to the third and fourth fingers of the left hand, which fingers had been amputated.

"(b) Said industrial accident board further reports that on October 4, 1915, Ralph Green, the injured employee, regularly filed and served notice of claim for injury, which he stated as follows: 'The loss of third and fourth fingers, also laceration of second finger.' * * * The industrial accident board found, from the testimony, proofs and evidence in this case that applicant had suffered a severe and serious injury to the second finger of his left hand, which injury he suffered at the same time that he suffered the injury which caused the amputation of the third and fourth fingers of his left hand, that said second finger of the left hand was also damaged, cut and lacerated by the punch press he was operating; that the said second finger is stiff, and that there is practically no grip in it, and that he cannot use it to any advantage; that the tissues and tendons of said second finger were badly lacerated, and that said finger is practically useless, and that it is not likely to recover to any considerable extent; that the muscles are atrophied and the nerves injured, and that the condition of said finger seriously impairs the ability of the applicant to use his left hand. The said applicant was before the full

board on September 27, 1916, and the proofs in the case include the inspection of the injured finger by the members of the full board, and they based their conclusions in part upon their own examination of the finger and the applicant's whole hand.

"(e) The full board found that applicant was partially disabled because of the injury to said second finger, and as a matter of fact such finding is absolutely uncontradicted by the testimony in the case.

"(f) Said board further returns that the testimony showed that the applicant, prior to his injury, had been running a punch press, and also running rotary shears, but that the running of rotary shears was the real occupation of the applicant; that applicant had only operated the punch press for about three hours when he was hurt, and that applicant is substantially unable to resume his work at either running a punch press or operating rotary shears on account of the injury to the second finger of his left hand. * * *

"1. Said board avers that there was a loss to claimant's second finger, and that it was not accounted for in the agreement entered into and complied with by the said defendants, and that the board would never have approved said agreement had it been advised by the respondents that said agreement did not cover the entire injury to the applicant. And said board says that the difficulty in this case arose from the neglect of the respondents to fairly and frankly report to the industrial accident board the entire injury to the applicant; that evidently said respondents thought that if they reported the amputation of the third and fourth fingers, and paid for the third and fourth fingers, the applicant would be satisfied and would not make any other complaint, and the board says that the respondents have done their full duty as far as the third and fourth fingers are concerned, and that their own neglect to report to the board the injury to the second finger was and is inexcusable."

There is an abundance of evidence in the record to sustain the findings of the industrial accident board which we have quoted. There is also testimony showing that if it had not been for the injury to the second finger, applicant could have done the work he had

done previous to the injury, but was now unable to do so because of the injury to the second finger.

The decision is affirmed, with costs to the applicant.

BIRD, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred with MOORE, J.

OSTRANDER, C. J. Plaintiff in certiorari is not complaining about the fact that a disability claim is presented after loss of fingers is compensated. I therefore concur in sustaining the award.

BROOKE, J., concurred with OSTRANDER, C. J.