Before STATE INDUSTRIAL BOARD, Respondent.

JOHN CAROLAN, Respondent, *v.* R. HOE & COMPANY and Another, Appellants.

Third Department, November 12, 1925.

**Workmen's compensation — claimant suffered concussion of brain and fracture of right clavicle — various disability awards and schedule award for forty per cent loss of use of right arm were made — present award for decreased earning capacity based on head condition — evidence does not show disability traceable to head condition — no schedule award for loss of hearing authorized at time of accident — under Workmen's Compensation Law, § 15, subd. 3, par. u, award cannot be based solely on loss of hearing unassociated with loss of earning power.**

The award to the claimant, based on decreased earning capacity for a period beginning more than two years after he suffered a concussion of the brain and a fracture of the right clavicle for which various disability awards and a schedule award of forty per cent loss of use of right arm were made, is not sustained by the evidence, on the theory that decreased earning capacity was brought about by dizziness, ringing sound in ears and deafness in right ear, alleged to have been caused by the accident, since the proof, at best, is merely speculative as to

whether or not the present condition of the claimant's head is the result of the accident or the result of cerebral arteriosclerosis, from which claimant is suffering, and which in itself would produce headaches and dizziness.

Moreover, under the Workmen's Compensation Law, as it existed at the time of the accident, March 26, 1921, no schedule award would be maintainable for loss of hearing.

The claimant is not entitled to an award under paragraph u of subdivision 3 of section 15 of the Workmen's Compensation Law, based solely on loss of hearing unassociated with loss of earning power.

APPEAL by R. Hoe & Company and another from two awards of the State Industrial Board, made respectively on the 3d day of October, 1924, and on the 29th day of December, 1924.

*Bacon & Tippett [Clarence B. Tippett* of counsel], for the appellants.

*Albert Ottinger, Attorney-General [Oliver B. James, Deputy Attorney-General,* of counsel], for the respondents.

HINMAN, J.:

On March 26, 1921, claimant slipped from a lumber pile and fell to the ground while working for his employer as a box maker. The Board has found that claimant sustained injuries in the nature of a concussion of the brain as well as fracture of the right clavicle, which with their resultant effects caused disability from that date to December 29, 1924, the date of expiration of the last award. Various disability awards were at first made and paid. He returned to work for his former employer on December 1, 1922, at reduced wages because of inability to do more than light work. The following year he was given a schedule award for forty per cent loss of use of the right arm, which was paid in full, paying him to August 16, 1923. Thereafter an additional award was sought, based on head disability, such as dizziness, ringing sound in the ears and deafness in the right ear. There was proof that he bled from the right ear and nose when he was injured and that he was taken to the hospital where he was unconscious for two days. In the employer's first report it was stated that the claimant fractured his skull. On October 17, 1923, the carrier sent him to a hospital the records of which showed " impaired hearing and tinnitus " (ringing sound in the ears). The State Industrial Board has now made an award based on decreased earning capacity for the period covering August 16, 1923 (the date of the expiration of the schedule award for forty per cent loss of use of the arm) to June 13, 1924, and another award based on decreased earning capacity for the period covering June 13, 1924, to December 29, 1924. The appeal is from these two awards.

The fatal defect in the awards so made is the failure of the proof to sustain the finding of a disability during the period of the

awards distinctly traceable to a head condition *causally* related to the accident. There is no proof that the present disability of the claimant, resulting in reduced earning capacity, is associated with a head injury sustained at the time of the accident. It is undisputed that claimant has cerebral arteriosclerosis, which of itself would account for his present headaches and dizziness. The medical testimony as to causal relation is speculative at best. That there " might " be a causal relation between the accident and claimant's headaches and dizziness is the limit beyond which medical opinion in the record does not reach. Dr. Rabiner, whose testimony is relied upon to sustain the awards, repeatedly refused to commit himself beyond the theory of a possibility of such a causal relation. Medically he knew that claimant has a general arteriosclerosis and that the symptoms of which claimant complains could come to him without an accident. He further testified: " I would have to juggle in my mind is this man suffering from cerebral arteriosclerosis only, or is there an aggravation of an old arteriosclerosis, or are his symptoms due solely to the accident." He admitted that he would have to speculate as to whether all effects of the accident, so far as the relation of that accident to any head condition is concerned, had previously cleared up. Even assuming that the circumstances were such as to warrant the fair inference by the Board that claimant had suffered a head disability for a time as a result of a concussion of the brain sustained in the accident, we do not think it is a permissible inference for the Board to draw that the resultant effect of such injury persisted two and three years subsequent to the accident and during the period covered by these awards, when concededly medical opinion to that effect would be entirely speculative. The finding to that effect is not sustained by any evidence. There is evidence of some loss of hearing in one ear but the facts of this case do not indicate any loss of earning power due to such loss and there is no schedule award based thereon. Indeed, as the law stood at the time of the accident, March 26, 1921, no schedule award would be maintainable for loss of hearing, since the provision covering loss of hearing was not specifically added to the statute until July 1, 1922, and then compensation was authorized for loss of the hearing of both ears. (Workmen's Compensation Law, § 15, subd. 3, ¶ m, as amd. and revised by Laws of 1922, chap. 615.) By necessary inference from the language of paragraph u of subdivision 3 of section 15 of the Workmen's Compensation Law, which re-enacted a similar provision from subdivision 3 of section 15 of the Workmen's Compensation Law of 1914 (as amd. by Laws of 1920, chaps. 532, 533), existent at the time of the accident, relating to " other

cases " of permanent partial disability, an award for such disability based wholly or in part upon loss of hearing would not be permissible if such loss of hearing was unassociated with loss of earning power.   Therefore, on no theory can the awards be sustained upon the present proofs and findings.

The awards should be reversed and the matter remitted, with costs against the State Industrial Board to abide the event.

All concur.

Awards reversed and matter remitted, with costs against the State Industrial Board to abide the event.