BECKER *v.* CITY OF DETROIT.

1. MASTER AND SERVANT—FINDINGS OF FACT BY DEPARTMENT OF
LABOR AND INDUSTRY—FINALITY.
    Findings of fact by department of labor and industry, if sup-
    ported by evidence, are final and binding on Supreme Court
    even though it may not be *en rapport* therewith.

2. SAME—REVIEW OF EVIDENCE.
    Department of labor and industry must have sufficient evidence
    to support its findings and, on appeal, Supreme Court may
    review evidence to determine whether finding was justified.

3. APPEAL AND ERROR—PETITION FOR FURTHER COMPENSATION—
EVIDENCE—PROXIMATE CAUSE.
    On review of findings of fact made by department of labor and
    industry on petition for further compensation, evidence in
    support therefor must disclose that causal connection between
    previous injury and present condition is a reasonably probable
    one and not a mere possibility.

4. MASTER AND SERVANT—EVIDENCE—PROXIMATE CAUSE—ULCERS.
    Evidence that ulcers on employee 80 years of age at time of
    hearing on petition for further compensation were due to in-
    jury received nearly five years previously *held*, insufficient to
    justify affirmance of award therefor.

Appeal from Department of Labor and Industry.
Submitted April 17, 1934. (Docket No. 135, Calen-
dar No. 37,710.) Decided June 4, 1934. Rehearing
denied September 18, 1934.

Urban Becker presented his claim against City of
Detroit, a municipal corporation, for an accidental
injury sustained while in defendant's employ. On
petition for further compensation. Award to plain-
tiff. Defendant appeals. Reversed.

*McIntyre & McIntyre,* for plaintiff.

*Raymond J. Kelly,* Corporation Counsel, and *John Atkinson,* Assistant Corporation Counsel, for defendant.

WIEST, J. Plaintiff was a street worker for the city of Detroit. August 14, 1928, a wagon injured his foot. Upon his application he had an award of weekly payments. He executed a settlement receipt, which was filed with the department of labor and industry. April 16, 1931, he applied for further compensation which was denied and no appeal taken. September, 1931, plaintiff filed another petition for compensation, alleging that: "Since May 20, 1931, injury has become worse and shows no signs of healing; petitioner suffers greater pain and is far less able to get around than he was on said date." November 16, 1931, further compensation was denied and an appeal taken to the full board. January 28, 1932, the full commission found that on April 16, 1931, plaintiff filed a petition claiming permanent disability because of a chronic ulcer on his leg, and stated:

"Before plaintiff can recover he must show that his condition became worse since the award of May 31, 1931. Plaintiff is at present disabled according to all the medical testimony.  *  *  *

"There were but two medical witnesses familiar with plaintiff at the time of the hearing on the first petition for further compensation, one was plaintiff's own witness, Dr. Harry H. Goldberg, and the other was defendant's witness, Dr. E. Vonderheide. Doctor Vonderheide was at one time on the staff of the Receiving Hospital and was the ward physician on October 15, 1928, at which time plaintiff was admitted to the Receiving Hospital, and had occasion to treat him. It was his opinion that the plaintiff's leg was just the same as it was in May last

and that there had been no improvement in the same, he having made his last examination on September 24, 1931, while the doctor admitted the man was not able to work.

"Plaintiff called as a witness Dr. Harry Goldberg who last saw plaintiff on the 20th day of October, 1931, and when asked what was the condition of the leg at that time replied:

" '*A.* Seems not to progress like it ought to. The healing is retarded.'

"And that it has become worse in the last few months.

"It is not enough to show that plaintiff is disabled. His disability must have some causal connection with his industrial accident. * * * While plaintiff's doctor testifies that his condition is worse, he does not testify that his disability is any greater now than it was then. We think we must assume from the former award and the testimony in the instant case, that plaintiff is disabled and is no better, had no connection with his industrial accident."

And the full commission denied further compensation.

In June, 1933, another petition for further compensation was filed and, upon hearing, denied. From this an appeal was taken and an award of compensation made by the commission. This is an appeal from that award and, it is claimed, there was no showing that the original injury had flared up or there was any causal connection between present disability and the injury.

Plaintiff is now about 80 years of age and his present troubles are varicose veins and ulcers.

Two doctors testified; the one called by plaintiff thought it possible the ulcers were caused as a result of the accident; the other, called by defendant,

examined plaintiff in October, 1931, and then found an ulcer, and examined him again in July, 1933, and found no material change except "a small ulceration on the external aspect," which could not have been the result of an accident five years earlier.

The findings of fact by the commission, if supported by evidence, are final and, though we may not be *en rapport* therewith, we cannot substitute our judgment in place thereof. This means, however, there must be sufficient evidence to support the findings of the commission. The board must be able to point to the evidence justifying a particular finding of fact and we, in turn, may review the evidence and determine whether the finding was justifiable. In making findings of fact the commission should consider the preponderance of evidence but, upon review, we cannot employ that test. A possibility is not enough; it must be at least a reasonable probability and rendered such by disclosed facts and circumstances.

Plaintiff testified that his condition was worse than at the time his former application was denied but this in no way established causal connection between the ulcers and previous injury, nor does it add probability to the mere possibility of such connection.

An examination of the record fails to disclose evidence justifying the award.

The award is vacated, with costs to defendant.

Nelson Sharpe, C. J., and Potter, North, Fead, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.