BOMMARITO *v.* FISHER BODY CORP.

1. WORKMEN'S COMPENSATION—PARTIAL DISABILITY—LOSS OF MEMBER.
    Statutory allowance for loss of a member is conclusive where no other disability exists (2 Comp. Laws 1929, § 8426).

2. SAME—FURTHER COMPENSATION—PARTIAL DISABILITY—SUBSEQUENT TOTAL DISABILITY.
    Provisions of workmen's compensation act authorizing redemption of weekly payments or lump sum settlements and providing for review of weekly payments for change of condition *held,* no bar to claim of employee in his proceeding for further compensation because of total disability resulting from same injury in which terminal phalange was lost and for which statutory compensation had been paid (2 Comp. Laws 1929, §§ 8426, 8438, 8453).

3. SAME—TERMINAL PHALANGE—SUBSEQUENT TOTAL DISABILITY.
    Receipt of specific compensation for period prescribed by statute for loss of single phalange *held,* not to preclude subsequent award of further compensation for total disability where employee shows that injury also resulted in total disability from auricular fibrillation, cerebral embolism and paralysis of left side of his body (2 Comp. Laws 1929, § 8426).

4. SAME—LOSS OF MEMBER—ADDITIONAL DISABILITY.
    One who has in the same accident sustained an injury in addition to, or distinct from, the loss of a member which causes a partial disability that continues beyond the arbitrary period fixed by the scheduled award, may have an award therefor whether this additional injury is permanent or not, the law

---

* Continued from Vol. 272.

intending that an employee shall be compensated according to fixed standards for all disability he suffers from the accidental injury (2 Comp. Laws 1929, § 8426).

Appeal from Department of Labor and Industry. Submitted June 6, 1935. (Docket No. 44, Calendar No. 38,416.) Decided September 10, 1935.

Joe Bommarito presented his claim for compensation against Fisher Body Corporation, a division of General Motors Corporation, for accidental injury sustained while in defendant's employ. On petition for further compensation. Award to plaintiff. Defendant appeals. Affirmed.

*Sol A. Dann,* for plaintiff.

*J. G. Stevenson* and *E. C. McDonald,* for defendant.

POTTER, C. J. Appeal in the nature of certiorari from the department of labor and industry.

Plaintiff, July 19, 1929, while in the employ of defendant, suffered a compensable injury resulting in the amputation of the terminal phalange of his right index finger. He was awarded and paid compensation in accordance with the statute, signed a settlement agreement which was approved by the department, so that for this particular loss he was fully compensated in accordance with the statute. Subsequently, on account of a change in physical condition and loss of earning capacity, he applied for further compensation which was awarded. Defendant appeals, claiming, where an injury results in the loss of a member, then, under 2 Comp. Laws 1929, § 8426, there can be no further award, and the settlement agreement approved by the department is final, conclusive and binding, and a bar to any further award.

By statute, plaintiff was entitled to the specific compensation provided thereby for the time fixed thereby. It is claimed by petitioner, and partly admitted by the witnesses for defendant, that plaintiff is suffering from auricular fibrillation and cerebral embolism, and paralysis of the left side of his body has resulted from the injury complained of. The question is, whether, in view of the provisions of the statute granting specific compensation for a limited time for the loss of the terminal phalange of his right index finger, plaintiff is barred from receiving further compensation.

The statute provides compensation for the loss of a first phalange of the first or index finger. This statutory allowance must govern if there is no other disability. But if, as is here claimed, the loss of the first phalange of the index finger resulted in other or further injury and disability, then there is no reason why such disability is not compensable. There is nothing in the statute (2 Comp. Laws 1929, § 8438) providing for the redemption of weekly payments or for commutation to present worth of payments to become due that affects this case. Nor is there anything in 2 Comp. Laws 1929, § 8453, providing for a review of weekly payments, that bars plaintiff's claim.

Here, there is testimony of a substantial change in plaintiff's physical condition resulting from the injury, amounting to total disability. Where no other disability except that resulting from the loss of a member exists, the statutory allowance is conclusive. The statute granting specific compensation for the loss of a part of a finger does not purport to preclude compensation for other compensable disability resulting from the injury. Suppose one should, as a result of amputation, have phlebitis resulting in

paralysis, is there any reason why the plaintiff ought not to be compensated therefor?

In *Saddlemire* v. *American Bridge Co.,* 94 Conn. 618 (110 Atl. 63), where plaintiff was awarded compensation for the loss of a leg, the court pointed out that injuries which are distinguishable from the immediate results of the amputation, such, for instance, as a phlebitis in the other leg arising from an infection following the amputation, were not, and were not intended by the act, to be covered by the award for the loss of the amputated limb.

In *Green* v. *Buick Motor Co.,* 201 Mich. 86, it was held that though plaintiff was awarded compensation for fingers which were amputated, that did not bar further award for the loss of the use of other fingers.

Where one has in the same accident sustained an injury in addition to, or distinct from, the loss of a member, which causes a partial disability that continues beyond the arbitrary period fixed by the scheduled award, he may have an award whether this additional injury is permanent or not, it being the intention of the law that an employee who is entitled to compensation shall be compensated according to fixed standards for all disability he suffers from the accidental injury. *Carolan* v. *R. Hoe & Co.,* 214 App. Div. 356 (212 N. Y. Supp. 73).

No other question raised merits discussion. The award of the department of labor and industry is affirmed.

NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.