### WILSON v. McCABE & DISHAW.

1. WORKMEN'S COMPENSATION—FINDINGS BY DEPARTMENT—FINALITY.
   Findings of fact by department of labor and industry, if supported by evidence, are final and binding on Supreme Court even though it may not be *en rapport* therewith.

2. SAME—PREPONDERANCE OF EVIDENCE—REVIEW OF EVIDENCE.
   Department of labor and industry must have sufficient evidence and should consider the preponderance of the evidence to support its findings and, on appeal, Supreme Court may review evidence to determine whether finding was justified as reasonably probable, not merely possible.

3. EVIDENCE—EXPERT OPINION.

Failure to object as to competency of testimony by expert witness in proceeding for further compensation for subsequent amputation of hand after payment of compensation for contusion of the hand when he testified that present condition *was* due to injury whereas it *might* have been and *could* have been caused without any injury having been suffered by employee having history of a syphilitic condition, renders ineffective objection as to competency made for first time in Supreme Court.

4. WORKMEN'S COMPENSATION—EVIDENCE—APPEAL AND ERROR.

On appeal from department of labor and industry it is duty of Supreme Court to affirm finding of department if there is any evidence to sustain such finding.

5. SAME—FURTHER COMPENSATION—AMPUTATION OF HAND—EVIDENCE.

In proceeding for further compensation, finding that amputation of hand was caused by accident arising out of and in the course of employment *held*, sustained by some evidence.

6. SAME—SUBSEQUENT INJURY—ORDER OF PAYMENT—LOSS OF FINGER—AMPUTATION OF HAND.

Specified compensation for loss of finger is not to be deducted from specified compensation for hand which was subsequently amputated but if necessary, latter begins at conclusion of payments for original loss (2 Comp. Laws 1929, § 8426).

Appeal from Department of Labor and Industry. Submitted June 5, 1935. (Docket No. 34, Calendar No. 38,261.) Decided January 6, 1936.

George Wilson presented his claim against McCabe & Dishaw, employer, and the State Accident Fund, insurer, for accidental injury sustained while in defendant's employ. On petition for further compensation. Award to plaintiff. Defendants appeal. Affirmed.

*Edward J. Dundon,* for plaintiff.

*Derham & Derham,* for defendants.

Edward M. Sharpe, J. On December 15, 1928, plaintiff suffered an accidental injury arising out of and in the course of his employment with the defendant company, the nature and extent of the injury being a contusion of the right hand. A compensable accident report was filed and an agreement entered into providing for payment of compensation at $18 per week which was paid for 52 weeks. January 7, 1930, a supplemental agreement was entered into and approved by the department of labor and industry wherein plaintiff was given compensation at the rate of $1.194 per week for permanent partial disability for a period of 448 weeks. About the same time plaintiff petitioned for a lump sum payment of the balance of the compensation due under this supplemental agreement; and an order was entered January 9, 1930, providing for an advance payment of certain expenses for medical treatment of plaintiff's syphilitic condition at a sanitarium. However, plaintiff did not accept the treatment for which the advance payments were made.

On October 9, 1930, plaintiff filed a petition for further compensation in which he alleged that he was ''disabled from doing any kind of work at all;'' and on May 27, 1931, the department of labor and industry affirmed the order of the deputy commissioner denying plaintiff an award.

On December 28, 1931, plaintiff filed another petition for further compensation in which he claimed that he was totally disabled, that his right hand was useless, and that one finger on the right hand had been amputated. On October 20, 1932, an award was denied owing to the fact that the parties had agreed to settle the matter amicably. On November 19, 1932, they entered into a separate agreement wherein plaintiff received the sum of $1,000 in full settle-

ment of any and all claims whatsoever either at common law or under the workmen's compensation law of Michigan. The agreement also contained the following statement, "I, having been fully advised in the premises and being convinced the loss of said finger and the present condition of my hand, arm and body was not due to said injury but due to disease in no way connected with said injury." This agreement was never submitted to nor approved by the department of labor and industry.

On May 8, 1934, plaintiff filed another petition for further compensation in which he stated that as a result of the injury his hand became more disabled and that it was necessary to amputate it on February 6, 1934. To this petition defendants denied liability on the ground that plaintiff's claim had been adjudicated, and that plaintiff is suffering no disability as a result of said injury.

The petition was heard July 19, 1934, and on July 21, 1934, the deputy commissioner entered an award allowing plaintiff 150 weeks' compensation for the loss of his hand at the rate of $16.80 per week. This award was affirmed by the department of labor and industry on November 16, 1934, and from which award defendants appeal.

The only question for determination is, whether or not there is evidence sustaining the department of labor and industry in their adjudication that the amputation of the right hand was the result of the accidental injury which plaintiff sustained December 15, 1928.

In *Becker* v. *City of Detroit,* 267 Mich. 511, we said,

"The findings of fact by the commission, if supported by evidence, are final and, though we may not be *en rapport* therewith, we cannot substitute our

judgment in place thereof. This means, however, there must be sufficient evidence to support the findings of the commission. The board must be able to point to the evidence justifying a particular finding of fact and we, in turn, may review the evidence and determine whether the finding was justifiable. In making findings of fact the commission should consider the preponderance of evidence but, upon review, we cannot employ that test. A possibility is not enough; it must be at least a reasonable probability and rendered such by disclosed facts and circumstances."

We find that plaintiff suffered an injury to the large finger of his right hand in December, 1928, and claims to have suffered pain in that hand up to the time of its amputation. Dr. DeSalvo, who amputated the hand on February 6, 1934, testified that he found that the hand in general was atrophied; that plaintiff was unable to move his fingers except with pain; and that there was an absence of syphilitic condition.

Dr. DeSalvo when asked as to the cause of the trouble answered as follows:

"*A.* Why, as to the actual cause, I was at a loss to determine from the appearance of the hand, I knew he had some injury and somebody had taken off his finger. I based my conclusions on the amputation I found at the time I saw him. * * *

"*Q.* You would no longer associate the injury with the condition would you?

"*A.* Yes, I think I would be inclined to associate the injury with the condition."

Dr. J. L. Browning, a witness produced by the plaintiff, testified as follows:

"*Q.* Was there any doubt in your mind * * * as to the cause of his condition?

"*A.* There wasn't any doubt in my mind as to what the diagnosis was. He had osteomyelitis. * * *

"*Q*. Is osteomyelitis usually caused by trauma?
"*A*. It is sometimes caused by trauma; I would not say usually. You can get osteomyelitis without any trauma."

Defendants urge that under the ruling in *DeHaan* v. *Winter*, 258 Mich. 293, and *DeGroot* v. *Winter*, 261 Mich. 660, the testimony of Dr. DeSalvo was incompetent. But as no objections were raised to its admission at the time it was offered, such objections come too late when presented for the first time upon appeal to this court. Nor do we weigh the evidence; if there is any evidence upon which the department could make a finding, it is our duty to affirm. In the case at bar there was some evidence that the amputation of plaintiff's right hand was caused by an accident arising out of and in the course of his employment with defendants.

As stated before, plaintiff had applied for and received compensation for the loss of one of his fingers on the right hand as a result of this accident and it is now urged that the amount of the compensation so received by plaintiff should have been deducted by the department in making a later award for the specific loss of plaintiff's hand.

Section 8426, 2 Comp. Laws 1929, provides that, "in cases included by the following schedule the disability in each such case shall be deemed to continue for the period specified, and the compensation so paid for such injury shall be as specified," for the loss of a hand, 150 weeks.

As to losses the statute speaks in terms of specific compensation for each loss. In part the statute reads:

"In case of the loss of one member while compensation is being paid for the loss of another member, compensation shall be paid for the loss of the second member for the period herein provided, pay-

ments to begin at the conclusion of the payments for the first member.'' 2 Comp. Laws 1929, § 8426.

The award of the department is affirmed. Plaintiff may recover costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and POTTER, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.