KUBIAK v. BRIGGS MANFG. CO.

1. Judgment—Res Judicata—Questions Presented or Presentable.

When the second suit is upon the same cause of action and between the same parties as the first, the judgment in the former suit is conclusive in the latter as to every question which was or might have been presented in the former.

2. Same—Res Judicata—Finality as to Subject-Matter and Parties.

The doctrine of *res judicata* rests upon the principle that a question once determined by a court of competent jurisdiction by a judgment on the merits is forever settled so far as litigants and those in privity with them are concerned.

3. Same—Matter in Issue.

Matter in issue which must be identical in order that doctrine of *res judicata* be applicable is that matter upon which the plaintiff proceeds by his action and which the defendant contro-

verts by his pleadings, matter which was a material issue in the proceeding, directly involved, and not merely incidentally cognizable nor collaterally in question and which was adjudicated after a contest, by a final judgment on the merits.

4. WORKMEN'S COMPENSATION—RES JUDICATA—EYE INJURY.

Adjudication by department of labor and industry that plaintiff who had lost his right eye prior to his employment by defendant suffered the specific loss of left eye, without making an adjudication for partial or total disability, *held*, not to have adjudicated matter of other injuries which plaintiff may have suffered.

5. SAME—SPECIFIC LOSS—GENERAL DISABILITY.

After compensation has been paid for a specific loss, additional compensation may be paid for a general disability resulting from the same accident.

6. SAME—LOSS OF REMAINING EYE—STATUTES.

Statute declaring that the loss of both eyes shall constitute a total and permanent disability refers to a loss of both eyes where the employer is liable for the loss of both, but where employee had lost the sight of one eye prior to his employment by defendant, the loss of the other eye while in defendant's employ would not entitle him to compensation for total disability (2 Comp. Laws 1929, § 8426).

7. SAME—LOSS OF REMAINING EYE—JUDICIAL NOTICE OF REHABILITATION OF BLIND PERSONS.

Loss of sight of remaining eye during employment does not necessarily result in permanent and total disability as it is common knowledge that many blind persons have been rehabilitated and are engaged in gainful employment.

8. SAME—FINDING BY DEPARTMENT—LOSS OF EYE—NEUROSIS.

Finding of fact by department of labor and industry that a disabling neurosis exists as a result of, and not collateral to, accident in which plaintiff's remaining eye was lost, and that the neurotic condition commenced soon after the accident when he began to have headaches and dizzy spells, being supported by the record, is binding on Supreme Court (2 Comp. Laws 1929, § 8451).

WIEST, C. J., and POTTER and NORTH, JJ., dissenting.

Appeal from Department of Labor and Industry. Submitted June 16, 1938. (Docket No. 63, Calendar No. 39,873.) Decided November 10, 1938. Rehearing denied December 22, 1938.

Frank Kubiak presented his claim for compensation against Briggs Manufacturing Company. On petition for further compensation. Award to plaintiff. Defendant appeals. Affirmed.

*Samuel Charfoos,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

SHARPE, J.   The record in this case shows that plaintiff had lost the sight of his right eye prior to his entering into the employment of defendant company; and that on April 6, 1931, while in the employ of defendant company, he sustained an injury to his left eye for which he received compensation under an approved agreement for total disability until December 5, 1931. Thereafter, plaintiff returned to work and continued in defendant's employment until November 6, 1934, and has not worked since that date.

April 6, 1936, plaintiff filed a petition for further compensation alleging that since November 6, 1934, the condition of his left eye progressively became worse until the sight was completely gone and claimed compensation for total disability. On August 13, 1936, the department of labor and industry permitted plaintiff to withdraw this petition. On November 16, 1936, defendant company filed a notice and application for adjustment of claim which contained the following:

"The accident happened as follows: Injury to left eye.

"The injury is: Loss of sight of the eye." * * *

"The above named plaintiff (Briggs Manufacturing Company) prays for the following relief in the premises, *viz.*: That the case be set for an early hearing and an order entered as to the amount of compensation due in this case."

On December 17, 1936, a hearing was had upon this petition and toward the conclusion thereof the following conversation took place:

"*Mr. Scroggie* (counsel for defendant company): * * * Now we are willing to show that by Dr. Eugene Smith, we are willing to pay for that eye.

"*Mr. Gallagher* (then counsel for plaintiff): As far as the left eye, you are settling liability for 100 weeks.

"*Mr. Scroggie:* That's right.

"*The Commissioner:* In view of that I don't see the necessity of prolonging it any longer, the necessity of bringing other people into court.

"*Mr. Gallagher:* I don't either, Mr. Commissioner."

An award was entered for plaintiff and compensation was paid for the loss of an eye. Payments under this award were completed October 5, 1936. In March, 1937, plaintiff filed a petition for further compensation in which he alleged that since May, 1931, he has been disabled; that he returned to work January 1, 1932, and quit work November, 1934, and has not worked since; and that the disability is caused from traumatic neurosis and other related disabilities from the injury to the eye.

During the hearing upon this petition, Dr. Altshuler, a witness produced on behalf of plaintiff, testified that he examined plaintiff on December 9, 1936, (several days previous to the time plaintiff was awarded compensation for the loss of an eye) and at that time plaintiff was suffering from trauma-

tic neurosis, a condition of total disability. The deputy commissioner awarded plaintiff compensation for total disability. This award was modified by the department granting plaintiff compensation for total disability at the rate of $18 per week beginning October 5, 1936, and until further order of the department. Defendant company appeals and contends that the award of the deputy commissioner was error as the previous award entered on December 17, 1936, is *res judicata;* that when plaintiff lost the sight of his left eye he became totally disabled and is not entitled to compensation even though his physical condition becomes worse; and that the traumatic neurosis complained of is not the result of the accident to his left eye, but is a consequence of a disintegrating personality. Plaintiff contends that the adjudication of December 17, 1936, pertained and applied only to a finding relative to a specific loss.

As to the question of adjudication we find in *Harrington* v. *Huff & Mitchell Co.,* 155 Mich. 139, the following:

" 'When the second suit is upon the same cause of action and between the same parties as the first, the judgment in the former suit is conclusive in the latter as to every question which was or might have been presented in the former.' "

In *Machen* v. *Budd Wheel Co.,* 265 Mich. 530, we said:

"The doctrine of *'res judicata'* rests upon the principle that a question once determined by a court of competent jurisdiction by a judgment on the merits is forever settled so far as litigants and those in privity with them are concerned."

In *LeRoy* v. *Collins,* 165 Mich. 380, we said:

"The first essential of the rule of *res judicata* is the identity of the matter in issue. The 'matter in issue' is defined to be 'that matter upon which the plaintiff proceeds by his action, and which the defendant controverts by his pleadings.' See Chand on Res Judicata, p. 35. If the same subject-matter comes in question in a second action in a court of last resort, it is bound by its former decision. Bigelow on Estoppel (1st Ed.), p. 16.

" 'A matter or question, either of law or fact, is *res judicata*, or set at rest, as to adverse parties and their respective privies, if it was a material issue in the proceeding, directly involved, and not merely incidentally cognizable nor collaterally in question, and was adjudicated after a contest, by a final judgment on the merits.' 1 Van Fleet's Former Adjudication (1st Ed.), p. 2.''

In the case at bar in the notice and application for adjustment of claims filed by defendant company the injury mentioned was "loss of sight of the eye." No reference was made to any other injury or disability and, upon the hearing, inquiry was directed exclusively to the question of the specific loss of the left eye and the adjudication related to such loss only. We are constrained to hold that if plaintiff suffered other injuries they were not adjudicated in the hearing held December 17, 1936.

We are in accord with plaintiff's contention that after compensation has been paid for a specific loss, additional compensation may be paid for a general disability resulting from the same accident. *Lovalo* v. *Michigan Stamping Co.*, 202 Mich. 85; *Webber* v. *Dort Motor Co.*, 217 Mich. 481; *West* v. *Postum Co., Inc.*, 260 Mich. 545. However, it is the claim of defendant company that when plaintiff lost his eye he became totally disabled and could not at a later time change for the worse. It is to be noted that in the hearing on the claim for specific loss there was no adjudication for partial or total disability. While the statute declares that the loss of both eyes shall

constitute a total and permanent disability,[*] yet this refers to a loss of both eyes where the employer is liable for the loss of both. See *Weaver* v. *Maxwell Motor Co.,* 186 Mich. 588 (L. R. A. 1916 B, 1276, Ann. Cas. 1917 E, 238). Where there is loss of sight of one eye while in the employ of an employer and the loss of sight of the other eye prior to such employment, such employee is not entitled to total disability. *Weaver* v. *Maxwell Motor Co.,. supra.*

In our opinion it does not necessarily follow that where the loss of the sight in one eye occurs prior to employment and the loss of sight of the other eye occurred during employment there is permanent and total disability. It is common knowledge that many blind persons have been rehabilitated and are engaged in gainful employment.

The department of labor and industry found as a fact that a disabling neurosis exists as a result of the accident and not collateral thereto; and that the neurotic condition commenced soon after the accident when plaintiff began to have headaches and dizzy spells. The record sustains the finding of the department. In such cases it is our duty to affirm.[†] *Wilson* v. *McCabe & Dishaw,* 274 Mich. 74; *Cazan* v. *City of Detroit,* 279 Mich. 86.

The award is affirmed, with costs to plaintiff.

BUSHNELL, CHANDLER, and McALLISTER, JJ., concurred with SHARPE, J.

WIEST, C. J. (*dissenting*). I do not concur.

When plaintiff entered the employ of defendant he had but one eye, having previously lost the other eye and, therefore, he had but one eye to lose, and

---

[*] 2 Comp. Laws 1929, § 8426 (Stat. Ann. § 17.160).—REPORTER.
[†] See 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186).—REPORTER.

that he lost and received the statutory compensation therefor.

Plaintiff has not suffered any further disability touching earning capacity occasioned by loss of his eye but only a morbid mental state which existed at the very time defendant petitioned for determination of liability and the same was fixed upon hearing.

I am of the opinion that an injured employee who lost one eye many years ago, and then lost the sight of a second eye by an industrial accident, for which he is paid the statutory specific amount, cannot subsequently recover compensation for traumatic neurosis, if proven. The compensation act does not cover a state of morbidity but only physical disability affecting earning capacity. Specific statutory award for loss of an eye covers consequences and bars a subsequent award for the consequences.

I am of the opinion the award should be vacated.

POTTER and NORTH, JJ., concurred with WIEST, C. J. BUTZEL, J., took no part in this decision.