HENDRICKSON v. ARTHUR G. McKEE COMPANY.

1. WORKMEN'S COMPENSATION—REVIEW BY COURT OF APPEALS.
    Court of Appeals is precluded from substituting its judgment
    of the facts for that of the appeal board in a workmen's com-
    pensation case, if the findings of fact have record support
    (Const 1963, art 6, § 28; CL 1948, § 413.12).

2. SAME—DISABILITY UNRELATED TO INJURY—APPEAL.
    Finding of workmen's compensation appeal board that plaintiff's
    disability was unrelated to injury he received while he was
    employed by defendant previous to his entry into armed
    forces held, supported by record.

3. SAME—EVIDENCE—HEARSAY—RECORD.
    Plaintiff's contention that the workmen's compensation appeal
    board erred in relying substantially on his military records
    in reaching its decision on his claim for further benefits on
    the ground that such records should have been excluded as
    hearsay held, without merit, since plaintiff made no objection
    to the admission of such records and so the question of
    admissibility is not before the Court and there is record
    support for the board's finding without such records.

4. COSTS—WORKMEN'S COMPENSATION.
    No costs are awarded in appeal from denial of benefits for
    injury plaintiff received prior to entry into armed forces,
    where board held disability unrelated to old injury.

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 3 December 7, 1966, at
Grand Rapids. (Docket No. 559.) Decided Feb-
ruary 14, 1967.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation §§ 522, 525, 530, 534.
[2] 58 Am Jur, Workmen's Compensation §§ 437, 534.
[3] 58 Am Jur, Workmen's Compensation § 445.
[4] 58 Am Jur, Workmen's Compensation § 543.

Claim by Reino Raymond Hendrickson against Arthur G. McKee Company, a Delaware corporation, and General Accident Group, the insurance carrier, for workmen's compensation. Hearing referee awarded compensation to plaintiff, and defendants appealed. Appeal board reversed referee and denied benefits. Plaintiff appeals. Affirmed.

*S. Neil Lynch,* for plaintiff.

*Gottfrid S. Johnson,* for defendants.

QUINN, P. J. On appeal from the hearing referee's award of compensation to plaintiff, the workmen's compensation appeal board reversed the referee and denied compensation. On leave granted, plaintiff appeals.

While employed by McKee Company on September 8, 1960, plaintiff sustained a low back injury for which he was hospitalized until September 21, 1960. He continued treatment with the company doctor until September 29, 1960. Thereafter he returned to the job site and inquired if there was work for him and he was told there was not. McKee's insurance carrier paid compensation for a brief period following the injury, but on October 5, 1960, plaintiff enlisted in the Marine Corps where he remained until medically discharged October 22, 1962. While in service, plaintiff testified he was restricted to light duty and no duty because of his back, and he testified he received no injury while in service. When plaintiff returned from service, he sought to have McKee's insurance carrier help him get his back fixed but the help was refused, and on December 5, 1962, plaintiff filed his application for hearing and adjustment of claim with the workmen's compensation department.

With one member dissenting, the appeal board found that plaintiff's present disability was not related to the injury of September 8, 1960. Our review of this finding of fact is restricted by Const 1963, art 6, § 28; CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186). If this finding of fact has record support, we are precluded from substituting our judgment of the facts for that of the appeal board. *Turner* v. *Consumers Power Company* (1965), 376 Mich 188. The finding has record support; the attending physician testified he discharged plaintiff to full activity September 29, 1960; plaintiff said his present health was "okay" when examined for service; he was in service 11 months before complaining of his back.

Plaintiff also contends that the appeal board relied substantially on his military record in reaching its decision, that such record should have been excluded as hearsay and therefore we must reverse the appeal board. This argument overlooks 2 points. Plaintiff made no objection to the admission of such record and the question of admissibility is not before this Court. *Wilson* v. *McCabe & Dishaw* (1936), 274 Mich 74. Secondly, there is record support for the appeal board's finding without plaintiff's military record.

Affirmed, without costs.

FITZGERALD and HOLBROOK, JJ., concurred.