# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH M. WALKER,

        Plaintiff-Appellant,

v

DEPARTMENT OF LICENSING &
REGULATORY AFFAIRS/WORKERS
COMPENSATION AGENCY,

        Defendant-Appellee.

UNPUBLISHED
January 24, 2017

No. 328721
Wayne Circuit Court
LC No. 15-005122-CZ

Before: BECKERING, P.J., and SAWYER and SAAD, JJ.

PER CURIAM.

Plaintiff appeals as of right from the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim). We affirm.

## I. FACTS

Plaintiff, a resident of Michigan, was injured while working for a company, United States Steel Corporation, in Ohio. At the time of his injury, plaintiff was employed by Metropolitan Environmental Services, Inc. (Metropolitan), a subcontractor for United States Steel Corporation. For reasons that were unclear from the lower court record, plaintiff was denied worker's compensation benefits. It appears that plaintiff may have been assured that there was reciprocity in the area of worker's compensation between the states, and that a claims service provider company that opened a worker's compensation claim in Michigan on plaintiff's behalf advised him that he was denied benefits due to a lack of reciprocity between the states.

It appears that plaintiff filed a worker's compensation claim against Metropolitan, United States Steel Corporation, and American Zurich Insurance Company, and that at some point during a hearing on this claim, Metropolitan produced an "Insurer's Notice of Issuance Policy

-1-

(Form 400),"[1] (hereinafter "WC-Form 400"), as proof that it carried worker's compensation insurance at the time of plaintiff's injury. WC-Form 400 is used by defendant pursuant to MCL 418.625,[2] which mandates every insurance company that issues a policy covering worker's compensation in Michigan to file a notice of the issuance of the policy and its effective date with the director of the bureau of worker's compensation. The WC-Form 400 submitted by Metropolitan, as proof that it obtained worker's compensation insurance with American Zurich Insurance, had an effective date of October 31, 2012. The Form was signed on January 14, 2013 but at the bottom of the Form, it indicated that the Form was revised in February of 2013. When plaintiff received this Form during the pendency of his worker's compensation case, he concluded that at the time of his injury, Metropolitan did not carry worker's compensation insurance. Plaintiff also believed that the WC-Form 400 submitted by Metropolitan did not exist on January 14, 2013, when it was purportedly signed, because it was revised in February of 2013.

Based on these beliefs, plaintiff submitted a Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, request to defendant regarding the WC-Form 400 submitted by Metropolitan. Plaintiff's FOIA request states in pertinent part:

> This requests [sic] is for any document or information that would demonstrate what legal entity mailed, produced, presented the attached WC 400 form (Dated January 14th 2013 for Metropolitan Environmental Services Inc.) in question received March 29th 2013 by the CCA in relation to Claim. . . .

Plaintiff attached to his FOIA request a copy of the WC-Form 400 submitted by Metropolitan during the administrative hearing. Defendant denied plaintiff's FOIA request on the ground that it did not possess the document described in plaintiff's FOIA request. Plaintiff's FOIA appeal was denied on grounds that the document did not exist.[3]

---

[1] Under Mich Admin Code, R 408.41, defendant requires "[e]very notice of the issuance of a worker's disability compensation insurance policy" to be reported on "Form 400, insurer's notice of issuance of policy."

[2] MCL 418.625 provides:

> Each insurer mentioned in section 611 issuing an insurance policy covering worker's compensation in this state shall file with the director, within 30 days after the effective date of the policy, a notice of the issuance of the policy and its effective date. A notice of issuance of insurance, a notice of termination of insurance, or a notice of employer name change may be submitted in writing or by using agency-approved electronic filing and transaction standards and may be submitted by the insurer directly or by the compensation advisory organization of Michigan on behalf of the insurer. . . .

[3] It appears from the sparse record before this Court that plaintiff filed other FOIA requests to determine the origin of Metropolitan's WC-Form 400 with defendant. Specifically, the lower

Plaintiff then filed a claim against defendant in the Michigan Court of Claims challenging the validity and authenticity of WC-Form 400. Plaintiff alleged that defendant's use of WC-Form 400 violated the Record Reproduction Act, MCL 24.401 *et seq*. Plaintiff asked the court to order that the WC-Form 400 be "completely removed/expunged" from defendant's database and declared "unusable as such officially [and] unofficially by any State Government Official, Officer, Employee, or any other [p]arty." Plaintiff also asked the court to order defendant to issue to plaintiff "a written and signed acknowledgement" stating that the Form had been "eradicated" from defendant's database. The Court of Claims dismissed plaintiff's case for lack of subject matter jurisdiction. The court noted that the type of action filed by plaintiff was not "entirely clear," and concluded that plaintiff's claims resembled a complaint for mandamus, which was within the exclusive jurisdiction of the circuit court.

Subsequently, plaintiff brought another complaint against defendant in the circuit court challenging the validity of the WC-Form 400. In response, defendant brought a motion for summary disposition based on MCR 2.116(C)(8), arguing that plaintiff's complaint failed to state the nature of his legal theory. Defendant argued that plaintiff failed to cite the particular provisions of the Records Reproduction Act that gave him authority to move to expunge a document from a government entity's database on the ground that it was not authentic or genuine. Defendant contended that because plaintiff was attacking the veracity of WC-Form 400 during his pending worker's compensation dispute, the appropriate remedy was to dispute the authenticity of the Form before the worker's compensation magistrate. The trial court granted defendant's motion for summary disposition.

---

court record contains a letter from defendant dated February 18, 2014 which responded to plaintiff's "two" FOIA requests dated February 13, 2014. In the letter, defendant's coordinator wrote to plaintiff as follow:

> With regard to these two questions/requests for research, please be informed that the purpose of the FOIA is to provide the public with access to certain public records of public bodies. The Act provides that a written request for a public record must describe a public record sufficiently to enable the public body to find it. It is not the purpose of the Act to permit individuals to secure answers from a public body that may incidentally, be reduced to a writing, or to require public bodies to research questions presented to them. However, in the spirit of cooperation, I attempt to answer your two questions, as follows.
>
> 1)      Q: *What is the date that the (W.C.A WC-400 form) was received by the W.C.A?*
>
> A: The form was received March 29, 2013.
>
> 2)      Q: *Who sent said document [WC-400 form] to the W.C.A?*
>
> A: The agency has no information as to the origin of the document or what person sent the form to the Worker's Compensation Agency.

## II. STANDARD OF REVIEW

"This Court reviews de novo a circuit court's decision whether to grant or deny summary disposition." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). Statutory interpretation is a question of law that is also reviewed de novo on appeal. *City of Detroit v Ambassador Bridge Co*, 481 Mich 29, 35; 748 NW2d 221 (2008).

## III. ANALYSIS

A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint based on the pleadings alone. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "The trial court reviewing the motion must accept as true all factual allegations supporting the claim, and any reasonable inferences or conclusions that might be drawn from those facts." *Gorman v Am Honda Motor Co*, 302 Mich App 113, 131; 839 NW2d 223 (2013). Nonetheless, "the mere statement of a pleader's conclusions, unsupported by allegations of fact, will not suffice to state a cause of action." *ETT Ambulance Serv Corp v Rockford Ambulance, Inc*, 204 Mich App 392, 395; 516 NW2d 498 (1994). Summary disposition under (C)(8) is appropriate only when the claims are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992).

### A. WORKER'S COMPENSATION

On appeal, plaintiff first argues that the trial court erred by holding that a determination on the validity of WC-Form 400 by the worker's compensation magistrate was required before the court could review the issue of the form's validity.

"[W]orker's compensation is the exclusive remedy for all on-the-job injuries, except for injuries intentionally inflicted by the employer." *Gray v Morley*, 460 Mich 738, 741; 596 NW2d 922 (1999); MCL 418.131(1). A worker's compensation claim is initially decided by the worker's compensation magistrate, if not referred to mediation. MCL 418.847(1)(2). The worker's compensation magistrate is empowered to make necessary inquiries and investigations regarding the case; and to examine records of the parties relating to the questions in dispute. MCL 418.851; MCL 418.853. During the hearing, the claimant has the burden of proving, by a preponderance of the evidence, that he or she is entitled to benefits. MCL 418.851; *Trobaugh v Chrysler Corp*, 38 Mich App 758, 762; 197 NW2d 183 (1972). A party objecting to an exhibit is permitted to provide a written objection to the document and to cross-examine the party seeking to admit the exhibit. Mich Admin Code, R 792.11305(2).

Plaintiff argues that the trial court erred by holding that a determination on the validity of WC-Form 400 by the worker's compensation magistrate was required before he could review the magistrate's decision. To the extent plaintiff was objecting to the use of this form with respect to his worker's compensation claim, Mich Admin Code, R 792.11305(2) indicates that the forum in which the issue had to be raised was in the hearing before the magistrate. Rule 792.11305(2) provides:

(1) Not less than 42 days before a hearing, the party intending to introduce a record, memorandum, report, or data compilation shall furnish copies and a notice of intent to all parties, for which a proof of service shall be completed and retained by the noticing party.

(2) Any party objecting to an exhibit under this rule shall provide written objection to all parties not more than 21 days after receipt of the notice of intent, for which a proof of service shall be completed and retained by the objecting party. An objecting party may schedule cross-examination in response to the record, memorandum, report, or data compilation sought to be admitted under this rule.

(3) This rule shall not affect the magistrate's discretion to rule on newly discovered evidence.

(4) The notice of intent, objection, and proof of service shall not be sent to the workers' compensation agency. Only those records admitted into evidence by a magistrate shall be placed in the hearing system file or maintained by the hearing system.

Plaintiff would have a right to appeal the decision of the worker's compensation magistrate to the Michigan Compensation Appellate Commission, if he were dissatisfied with the magistrate's ruling. MCL 418.859a(1). Plaintiff could further seek leave to appeal questions of law in this Court and then the Supreme Court if he further disagreed with the decision of the appellate commission. MCL 481.661a(14); MCR 7.203(B)(3). See *Camburn v Northwest School Dist*, 459 Mich 471, 477; 592 NW2d 46 (1999) (holding that the Michigan Supreme Court reviews questions of law involved with any final order of the Worker's Compensation Appellate Commission). Moreover, if plaintiff failed to challenge the authenticity or the admissibility of the WC-Form 400 before the worker's compensation magistrate, he would be precluded on appeal from raising the issue. *Hendrickson v Arthur G. McKee Co*, 6 Mich App 104, 106; 148 NW2d 247 (1967) (holding that plaintiff was precluded on appeal from raising the issue of the admissibility of a document where he failed to object to the admission of the record before the worker's compensation magistrate).

## B. THE RECORDS REPRODUCTION ACT

Plaintiff also argues that the trial court erred by granting defendant's motion for summary disposition where defendant argued that the Records Reproduction Act does not give any right to an individual to nullify Form 400.

The Records Reproduction Act, MCL 24.401, *et seq.*, provides a list of acceptable methods or mediums for a government entity or a governmental official acting in his or her official capacity to reproduce a record within the entity's record-management system. See MCL 24.402(1). The Act permits the Department of History, Arts, and Libraries (hereinafter, "the department") to "adopt technical standards, issue directives, or promulgate rules . . . governing the storage and reproduction of records by a governmental entity or governmental official acting in his or her official capacity." MCL 24.402(2); MCL 24.401(1)(c). The standards and

directives adopted by the department are to "ensure the continued accessibility and usability of the records throughout their retention period" and to "ensure the integrity and authenticity of records maintained by governmental entities, officials, and employees" MCL 24.402(3)(a)(b).

Plaintiff argues that the WC-Form 400 violates the Records Reproduction Act, MCL 24.401 through MCL 24.406, because it was not authentic and original. However, MCL 24.401 through MCL 24.406 do not give any rights to individuals or provide remedies for the Act's violation. The fact that a statute has been violated does not automatically give rise to a cause of action. See *Office Planning Group, Inc v Baraga-Houghton-Keweenaw Child Dev Bd*, 472 Mich 479, 496; 697 NW2d 871 (2005); *Lane v KinderCare Learning Ctrs, Inc*, 231 Mich App 689, 695-696; 588 NW2d 715 (1998). According to the Michigan Supreme Court, "[t]o determine whether a plaintiff may bring a cause of action for a specific remedy, this Court must determine whether [the Legislature] intended to create such a cause of action." *City of South Haven v Van Buren Co Bd of Comm'rs*, 478 Mich 518, 528-529; 734 NW2d 533 (2007). In this case, the Records Reproduction Act does not provide a remedy if the Department violates its statutory obligation. Therefore, the Legislature's decision not to specify such remedy suggests that the Legislature did not intend to allow plaintiff to seek a remedy under the Act. See e.g., *Lash v City of Traverse City*, 479 Mich 180, 194; 735 NW2d 628 (2007).

Affirmed.


/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Henry William Saad